L. R., M. R. & T. Ry. Co. v. Iredell.

## L. R., M. R. & T. RY. CO. v. IREDELL.

1. REMOVAL OF CAUSES: *Petition for: Jurisdiction of state court.*

   A state court has no jurisdiction to try an issue of fact upon a petition for the removal of a cause to the federal court.

2. SAME: *Same.*

   Where, on petition for the removal of a cause to the federal court, it appears on the face of the whole record that the petitioner is entitled to such removal, and the state court denies his petition, a judgment which it afterwards renders against him will be vacated on appeal, although the petitioner saves no exception to the ruling of the court refusing the removal, and, without protest against the subsequent proceedings, contests the case upon its merits.

APPEAL from *Jefferson* Circuit Court.

JOHN A. WILLIAMS, Judge.

*J. M. Moore,* for appellant.

The court erred in proceeding further in the case after the filing of the petition for removal. It had no jurisdiction to try the issue as to citizenship of the plaintiff, or to take any further step in the trial of the same. 117 *U. S.*, 430; 118 *Id.*, 279; 122 *U. S.*, 514.

*N. T. White,* for appellee.

COCKRILL, C. J. The appellee sued the railway, in the Jefferson circuit court, in the year 1885, to recover damages in the sum of $10,000 for a personal injury sustained by her while a passenger on one of its trains. In apt time the defendant presented its petition for removal of the cause to the federal court, alleging that the plaintiff was then, and at the time the complaint was filed, a citizen of the state of Mississippi, and that the defendant was a citizen of the state of Arkansas, being a corporation organized under the laws of this state. A bond, with surety, conditioned as

L. R., M. R. & T. Ry. Co. v. Iredell.

the act of congress requires in such cases, was filed and approved by the court. Proof was heard upon the question of citizenship presented by the petition for removal, and the court refused to relinquish control of the cause. The railway answered and the cause proceeded to trial, resulting in a judgment for the plaintiff. The company has appealed.

Though the question for a time rested in some obscurity, it is now definitely settled that no issue of fact upon a petition for the removal of a cause from a state to a federal court can be tried in the state tribunal. *Burlington Ry. v. Dunn*, 122 *U. S.*, 514. It is essential that one or the other of the courts should have exclusive jurisdiction to determine the issue, and that power is reserved for the federal court by the decision of the supreme court of the United States, which is the final arbiter in all cases where a state court has denied a removal. The only question for the state tribunal, after the petition and bond for removal are filed, is, whether admitting the facts to be true, it appears on the face of the record (the whole record) that the petitioner is entitled to the removal. *Ib.* The petitioner does not waive his right to the removal by contesting the suit upon its merits in the state court after his petition is there denied (*Railroad Co. v. Hamersly*, 104 *U. S.*, 5), even though there was no exception saved to the ruling of the court, according to the practice of the state courts (*Kanouse v. Martin*, 15 *How.*, 197), and no protest made against the subsequent proceedings. *Steamship Co. v. Tugman*, 106 *U. S.*, 123.

The judgment in the cause must be vacated.