HENRY S. CRAVEN, and others, *vs.* MABEL O. TURNER.

York. Opinion February 20, 1890.

*Removal of causes. Citizenship. Jurisdiction. Act of Congress, March 3, 1875; March 3, 1887; August 13, 1888. Pleas in abatement. R. S., c. 104, § 6.*

When a petition for removal of an action to a circuit court of the United States is filed in a case pending in the state court, on the ground of diversity of citizenship of the parties, the only question then for the state court to determine is the question of law whether, admitting the facts stated in the petition to be true, it appears on the face of the record, including the petition and pleadings down to that time, that the petitioner is entitled to a removal.

If an issue of fact is raised upon the petition that issue must be tried in the circuit court instead of the state court.

By the act of congress of March 3, 1887, (amended by act of August 13, 1888) the petition may be filed, "at the time, or any time before the defendant is required by the laws of the state, or the rule of the state court in which such suit is brought, to answer or plead to the declaration or complaint of the plaintiff."

Pleas in abatement, or other dilatory pleas which do not reach the merits of the cause, are not pleas or answers to the declaration within the meaning of the act; and, until they are disposed of, the time of filing a petition for removal has not expired.

A cause between citizens of different states, neither of whom is a resident or citizen of the state where the action is brought, may be removed into the circuit court of the United States for that district, although such court could not have jurisdiction of an original suit between the parties.

ON EXCEPTIONS.

The defendant, a non-resident of this state, filed a petition and bond under the laws of the United States for the removal of this action to the United States circuit court, on the ground of the

diversity of citizenship of the parties to the cause. The court having denied the petition, the defendant excepted.

The points of the case are fully stated in the opinion.

*William D. Turner*, *M. A. Safford and A. L. Allen*, with him, for defendant.

*G. C. Yeaton*, for plaintiff.

Exceptions being to a ruling which did not finally dispose of the case in the court below are prematurely here, and should be dismissed.

Petition rightfully dismissed because not seasonably filed. *Warehouse Co.* v. *Loomis*, 122 Mass. 431; *Malley* v. *Ins. Co.*, 51 Conn. 486; *Preston* v. *Ins. Co.*, 58 N. H. 76; *Gregory* v. *Hartley*, 113 U. S. 742; *Exchange* v. *Tel. Co.*, 16 Fed. Rep. 289; *Wedekind* v. *Pac. Co.*, 36 Fed. Rep. 279; Dillon Rem. Causes, § 64.

Neither plaintiff nor defendant reside in the district of Maine, hence U. S. circuit court for this district has no jurisdiction. *Tiffany* v. *Wilce*, 34 Fed. Rep. 230.

FOSTER, J. Real action to recover a certain messuage in the town of Kittery in this state, with damages alleged at five thousand dollars. The action was returnable at the May term of the supreme judicial court, for York county, at which the defendant appeared specially, and filed a motion to dismiss for want of proper service of the writ. Thereupon the court ordered notice of the pendency of the suit returnable at the September term following. At that term a general appearance was entered for the defendant, and the case was continued to the January term, 1889. On the first day of that term, a petition and bond were filed by the defendant for the removal of the action to the circuit court of the United States, next to be held within and for the district of Maine, on the ground of the diversity of citizenship of the parties to the cause.

The petition embraced the requisite averments in a case of removal on the ground of diversity of citizenship. It set forth the fact that the controversy was wholly between citizens of different states and which could be fully determined as between them,

alleging that the defendant was, at and before the commencement of the suit and ever since had been, and then was a citizen of the state of Mississippi, and a non-resident of this state, and that the plaintiff was a citizen of Massachusetts,—and praying that no further proceeding be had in the cause except an order for removal, and the acceptance and approval of the bond filed in the cause.

The court approved the bond but refused to grant the prayer for removal of the cause to the circuit court.

To the order of the court, denying the petition for removal, exceptions were duly taken and allowed.

According to the practice in this state, these exceptions to the order of the justice presiding, refusing the petition for removal of the suit to the circuit court, are properly before this court. The question of law raised by these exceptions is to be determined, in the first instance, by this court, subject, however, to revision on writ of error by the supreme court of the United States. *Edwards Mfg. Co.* v. *Sprague*, 76 Maine, 53, 63. If the case is one embraced within the act of congress, and the proper petition, affidavit and bond are filed in the "state court at the time, or any time before the defendant is required by the laws of the state, or the rule of the state court in which such suit is brought, to answer or plead to the declaration or complaint of the plaintiff, for the removal of such suit into the circuit court to be held in the district where such suit is pending," then it is "the duty of the state court to accept said petition and bond, and proceed no further in such suit." Act of congress of March 3, 1887, § 3. In such case, remarks Gray, C. J., in *Stone* v. *Sargent*, 129 Mass. 503, 506, "the jurisdiction of the federal court over a cause in which the conditions of the act of congress have been complied with cannot be defeated by any action or omission of the state court." If the suit is removable, and the defendant has complied with the statute pertaining to the removal of causes into the circuit court of the United States, a judgment obtained by the plaintiff in the state court would be fruitless. *C. & O. R. Co.* v. *White*, 111 U. S. 134.

In the present case, the petition sets forth the conditions re-

quired by the act of March 3, 1887,—it stated in positive terms the nature of the action, wherein the matter in dispute exceeded two thousand dollars; that the controversy was wholly between citizens of different states, and which could be fully determined as between them; and that the defendant, at the beginning of the suit and at the time when the petition was filed, was a citizen of a different state from the party plaintiff. With these facts existing, if the petition was seasonably filed, the cause was one which was properly removable from the state to the circuit court. All issues of fact arising upon the petition for removal are to be tried in the circuit court. The state court is only at liberty to inquire whether, on the face of the record, a case has been made to appear which requires it to proceed no further. *Stone* v. *South Carolina*, 117 U. S. 430; *Carson* v. *Hyatt*, 118 U. S. 279; *Carson* v. *Dunham*, 121 U. S. 421; *Railway Co.* v. *Dunn*, 122 U. S. 513.

In the case last cited, it was held that when a petition for removal of the cause to a circuit court of the United States is filed in a case, pending in the state court, the only question left for the state court to determine is the question of law whether, admitting the facts stated in the petition to be true, it appears on the face of the record, including the petition, the pleadings and the proceedings down to that time, that the petitioner is entitled to a removal; and that if an issue of fact is raised upon the petition, that issue must be tried in the circuit instead of the state court.

The court, also, took occasion to review some of the earlier decisions of the supreme court upon this question, and which, as there remarked, "had not always been as clear and distinct as they might have been," and affirmed the doctrine laid down in *Stone* v. *South Carolina*, *supra*, and with several subsequent decisions,—that it was error in the state court to proceed further with the suit after the petition for removal was filed, because the circuit court alone had jurisdiction to try the questions of fact involved. "The theory on which it rests," the court say in discussing this question, "is, that the record closes, so far as the question of removal is concerned, when the petition for removal is filed and the necessary security furnished." From that time

the state court is "without jurisdiction" to proceed further in the suit. *Railroad Co.* v. *Mississippi*, 102 U. S. 135, 141; its rightful jurisdiction comes to "an end." *Railroad Co.* v. *Koontz*, 104 U. S. 5, 14; or, as was said in *Steamship Co.* v. *Tugman*, 106 U. S., 118, 122, "the jurisdiction of the state court absolutely ceased, and that of the circuit court of the United States immediately attached."

But the authorities that establish the foregoing principle in reference to the termination of the jurisdiction of the state court, also hold that, "a state court is not bound to surrender its jurisdiction of the suit on a petition for removal, until a case has been made which on its face shows that the petitioner has a right to the transfer;" and that "the mere filing of a petition for the removal of a suit, which is not removable, does not work a transfer. To accomplish this the suit must be one that may be removed, and the petition must show a right in the petitioner to demand the removal. This being made to appear on the record, and the necessary security having been given, the power of the state court in the case ends, and that of the circuit court begins." *Stone* v. *South Carolina*, *supra;* *Railroad Co.* v. *Koontz*, *supra;* *Crehore* v. *Ohio & Miss. Railway Co.*, 131 U. S. 240, 243.

In the case now before us, the petition, as we have remarked, embraced the requisite averments, and was accompanied by a bond conformable to the statute, affording ample security and protection to the plaintiff in case the circuit court should decide that the cause was wrongfully or improperly removed thereto. Upon the filing of the petition and bond, the jurisdiction of the state court ceased; and it was the duty of the court to proceed no further in the cause, provided this was done within the time mentioned in the statute.

We think the petition was seasonably filed.

Under the act of March 3, 1875, such petition had to be filed "before or at the term at which said cause could be first tried and before the trial thereof." The decision of *Dresden School District* v. *Ætna Ins. Co.*, 66 Maine, 370, was rendered while that act was in force. Since then, however, by the act of March 3, 1887, amended by the act of August 13, 1888, (25 St. at Large,

433) the law in relation to the time of filing such petition has been changed, and the petition may be filed, under the existing law, in the state court, "at the time, or any time before the defendant is required by the laws of the state, or the rule of the state court in which such suit is brought, to answer or plead to the declaration or complaint of the plaintiff."

There is no general law of the state, or rule of this court, fixing the time in which the defendant shall answer or plead to the plaintiff's declaration. The defendant may, at any time before trial, file a plea of the general issue, when there has been no special order of the court for pleadings to be filed at an earlier date. The general issue is the plea which challenges the merits of the plaintiff's declaration, and under which the real struggle is to see which party can show the better title in himself. True, if the defendant, instead of meeting the plaintiff upon the merits under the plea of *nul disseizin* and trying the title under that issue, desires to interpose a special plea of non-tenure, or disclaimer, it must be done, according to the practice in this court, within the time allowed for filing pleas in abatement,—within the first two days of the return term;—but in either case the *statute* authorizes the court in its discretion, even in such cases, to enlarge the time and allow the defendant to make such special answer. R. S., c. 104, § 6. *Ayer* v. *Phillips*, 69 Maine, 50; *Hatch* v. *Brier*, 71 Maine, 542, 543. Moreover, it has been held in the federal courts that pleas in abatement, or other special pleas which do not reach the merits of the cause, are not pleas or answers to the "declaration" within the meaning of the act; and that until such pleas are disposed of, the time for filing a petition for removal has not expired. *Lockhart* v. *Memphis & L. R. Co.*, 38 Fed. Rep. 274; *McKeen* v. *Ives*, 35 Fed. Rep. 801; *Gavin* v. *Vance*, 33 Fed. Rep. 84; *Whelan* v. *New York L. E. & W. R. Co.*, 35 Fed. Rep. 849; *Tenn. Coal, Lumber & Tan-Bark Co.* v. *Waller*, 37 Fed. Rep. 545.

But the plaintiff contends that, upon the face of the record, the defendant seeks for the removal of the cause to a district in which neither the plaintiff nor defendant resides, and, therefore, that the circuit court can not take cognizance of the suit.

It is not disputed that the state court, at the time the petition for removal was filed, had jurisdiction over the parties, as well as the subject matter of the suit.   There had been a general appearance by the defendant.   The real estate in controversy was situated within the jurisdiction of the court.

The question is not whether the circuit court could, by original process, take cognizance of a suit brought against a party in a district of which he is not an inhabitant,—but whether the action in such case is removable to the circuit court, within the district where such suit is brought, by proceedings other than original.

A careful examination of this question leaves no doubt in our minds that the action in such case is removable.   The great weight of authority in the federal courts is in harmony with this view, and with this construction of the act of March 3, 1887, notwithstanding a different construction was given in the case of *County of Yuba* v. *Pioneer Mining Co.*, 32 Fed. Rep. 183, in which it was held, that the circuit court could not take cognizance of a suit brought against a party, in a district of which he was not an inhabitant; and that the removal of a suit was not authorized from a state court to a circuit court of the United States, which could not have been originally brought in that court.

But this decision has been criticised and disapproved in the more recent cases of *Fales* v. *Chicago & C. R. Co.*, 32 Fed. Rep. 673; *Short* v. *R. R. Co.*, 33 Fed. Rep. 115; *Gavin* v. *Vance*, 33 Fed. Rep. 84,—denied in the still later decisions of *Loomis* v. *N. Y. & Cleveland Gas Co.*, 33 Fed. Rep. 353; *St. Louis, V. & T. H. R. Co.* v. *Terre Haute & I. R. Co.*, 33 Fed. Rep. 385; *Pitkin, &c., Co.* v. *Markell*, 33 Fed. Rep. 386,—and expressly overruled in the circuit court of the United States for the northern district of California by Justice Field in the case of *Wilson* v. *Telegraph Co.*, 34 Fed. Rep. 561.   See also *Claflin* v. *Ins. Co.*, 110 U. S. 81; and the very recent case of *Sheffield First Nat. Bank* v. *Merchants Bank*, (C. C. N. D. Ga.) 37 Fed. Rep. 657, in which it is held expressly, that a cause between citizens of different states, neither of whom is a resident or citizen of the state where the action is brought, may be removed into the circuit court of the

United States for that district, although such court would not have jurisdiction of an original suit between the parties.

Furthermore, the defendant is not the party, in the present case, raising the objection to the jurisdiction of the court. He has been brought into this jurisdiction, and the jurisdiction of the circuit court for this district, by the plaintiff's act in bringing the suit in this court. Had he raised the objection, it would not have been available at this stage of the proceedings. He has, by his general appearance, and filing his petition and bond, waived all objection to the jurisdiction, even if such objection had otherwise been open to him.

Thus, in *Kelsey* v. *Penn. R. R. Co.*, 14 Blatch. 89, the court say : "The defendant having appeared and answered generally in the action, can not now insist that this court never acquired jurisdiction because process was not served upon it in the district whereof it was an inhabitant at the time of service. Jurisdiction of the person of a defendant may be conferred by consent or waiver." And in *Kansas City & T. R. Co.* v. *Interstate Lumber Co.*, 37 Fed. Rep. 3, the court held, that the fact that both parties were non-residents of the district to which the cause was removed from the state court, did not oust the circuit court of the United States of jurisdiction, where the cause was removed by the non-resident defendant; and that the fact that no suit could have been originally commenced against him in that district, did not prevent the removal, notwithstanding the right of removal is given by act of March 3, 1887, in suits of which the court would have original jurisdiction, inasmuch as the objection to the jurisdiction of the court for that reason is a mere personal privilege, which he could waive,—and overruling *Harold* v. *Mining Co.*, 33 Fed. Rep. 529.

In *Ex Parte Schollenberger*, 96 U. S. 369, Chief Justice Waite, in construing the provision in the act of 1875, says: "The act of congress prescribing the place where a person may be sued is not one affecting the general jurisdiction of the courts. It is rather in the nature of a personal exemption in favor of a defendant, and it is one which he may waive. If the citizenship of the parties is sufficient, a defendant may consent to be sued anywhere he pleases."

In harmony with this doctrine, the court, in *Sayles* v. *Ins. Co.*, 2 Curtis, C. C. 212, held that when a defendant not an inhabitant of or found within the district was sued in a state court, the fact that he appeared and gave bond to remove the cause into the circuit court, was a waiver of his personal privilege and gave the circuit court jurisdiction. *Toland* v. *Sprague*, 12 Peters, 300, 331.

The case was properly removable to the circuit court, and the entry must be

*Exceptions sustained.*

PETERS, C. J., WALTON, VIRGIN, EMERY and HASKELL, JJ., concurred.