TEXARKANA TELEPHONE COMPANY v. BRIDGES.

Opinion delivered April 15, 1905.

1. REMOVAL OF CAUSE—JURISDICTION OF STATE COURT.—A State court has no jurisdiction to try an issue of fact upon a petition for removal of a cause to the Federal court. (Page. 118.)

2. SAME—SUFFICIENCY OF PETITION.—A petition for removal of a cause to the Federal court on the ground of diverse citizenship which alleged that petitioners, who were defendants, were non-residents, that

there were no other defendants, and that plaintiff was a resident of the State states sufficient facts to entitle the cause to be removed. (Page 119.)

3. SAME—WAIVER.—After filing a petition entitling them to have the cause removed to the Federal court, defendants did not waive their right to insist upon a removal by filing answers in the State court and contesting the suit upon its merits.   (Page 120.)

Cross appeals from Miller Circuit Court.

JOEL D. CONWAY, Judge.

Reversed.

### STATEMENT BY THE COURT.

This is an action brought by appellee in the circuit court of Miller County against the Texarkana Street Railway Company, the Texarkana Telephone Company, and Harrison Construction Company, to recover damages for personal injuries alleged to have been caused by the concurring negligence of the defendants.  The complaint alleges that the Texarkana Telephone Company and Harrison Construction Company are both foreign corporations, but contains no allegations as to the identity of the Texarkana Street Railway Company—whether it is a corporation or not.  It is merely alleged that "the Texarkana Street Railway Company owns, and, at the time of the alleged grievance herein complained of, did own and operate, a street railway in the city of Texarkana, Miller County, Arkansas."

Appellants, the Texarkana Telephone Company and Harrison Construction Company, appeared and filed their joint petition and bond for the removal of the cause to the circuit court of the United States, stating therein, with other essential allegations, that the action is a controversy wholly between citizens of different States, viz., between the plaintiff, a citizen and resident of the State of Arkansas, and the two petitioners as foreign corporations, the former organized under the laws of, and domiciled in, the State of Texas, and the latter in the State of Ohio; that the Texarkana Street Railway Company is not, and at the time of commencement of the action was not, a corporation, but was merely a trade name of either  Thos. W. Crouch or Geo. W.

Bamhoff, neither of whom were parties to the action, or had been served with process.

The court, upon hearing the petition, found that the bond for removal was sufficient and in due form, but that the facts stated in the petition did not justify a removal of the cause, and denied the prayer of the petition. All of the defendants thereupon filed separate answers, denying specifically the allegations of the complaint, alleging negligence and damages resulting therefrom. The cause was tried by a jury, and verdict returned for $2,500 against the appellants, but not against the Texarkana Street Railway Company; and, after judgment rendered thereon and motion for new trial overruled, an appeal was taken to this court.

*W. H. Arnold,* and *Glass, Estes & King,* for appellants.

The court should have sustained the motion to remove to the Federal court. 18 Enc. Pl. & Pr. 341; 50 Ark. 388; 122 U. S. 514; 72 Fed. 641, 752; 63 Fed. 177; 26 Fed. 53; 87 Cal. 430. The construction company was an independent contractor. 53 Ark. 503; 55 Ark. 510; 54 Ark. 424; 80 Tex. 654; 16 Am. & Eng. Enc. Law, 187. The city was not liable in this case. 16 Wall. 566; 80 Md. 348; 80 Tex. 654; 87 Ga. 756; 19 R. I. 540.

*Scott & Head,* for appellee.

The motion for removal was properly denied. 178 U. S. 248; 116 U. S. 408; 102 Fed. 369; 2 Foster's Fed. Pr. 925; 39 Fed. 881; 38 Fed. 51; 55 Fed. 129; 108 U. S. 561; 111 U. S. 358; 144 U. S. 568; 21 Fed. 193; 179 U. S. 131; 175 U. S. 635. The instructions of the court were proper. 53 Ark. 503; 48 N. E. 66; 36 Pac. 411; 21 N. E. 482; 94 Ill. App. 454. The ordinance of the city was properly introduced as evidence. 1 Thomps. Neg. 604; 16 Am. & Eng. Enc. Law, 202, 197. One who authorizes work to be done cannot relieve himself from liability by employing an independent contractor. 16 Wall. 566; 55 N. E. 618; 54 Atl. 285; 61 N. E. 983; 81 S. W. 282; 58 Atl. 19; 21 N. E. 482; 67 N. E. 443; 4 Wall. 657; 80 Md. 356; 1 Thomp. Neg. 592.

McCULLOCH, J., (after stating the facts.) The right of removal of a cause from the State to the Federal court, so far

as concerns the action of the State court, depends upon and must be determined by the condition of the record in the State court at the time the removal is sought (*Chesapeake & Ohio Railway Company* v. *Dixon,* 179 U. S. 131) ; and, where the alleged ground for removal is the diverse citizenship of the parties, the allegations of the petition alone can be looked to by the State court in determining the right of removal. The State court has no jurisdiction to try an issue of fact raised on the petition for removal. This can only be done by the Federal court on motion to remand after removal. *L. R., M. R. & T. Ry Co.* v. *Iredell,* · 50 Ark. 388; Moon on Removal of Causes, p. 498; *Burlington, etc. Railway Company* v. *Dunn,* 122 U. S. 514; *Kansas City, Ft. S. & M. Ry. Co.* v. *Daughtry,* 138 U. S. 298; *Southern Ry. Co.* v. *Hudgins,* 107 Ga. 334; *Stix* v. *Keith,* 90 Ala. 121; *Cravens* v. *Turner,* 82 Me. 383.

Chief Justice Waite, speaking for the Supreme Court of the United States in the case of *Burlington, etc., R. Co.* v. *Dunn, supra,* concisely defines the rule of practice with reference to removal of causes, as follows: "The theory on which it rests is that the record closes, so far as the question of removal is concerned, when the petition for removal is filed and the necessary security furnished. It presents then to the State court a pure question of law, and that is, whether, admitting the facts stated in petition for removal to be true, it appears on the face of the record, which includes the petition and the pleadings and proceedings down to that time, that the petitioner is entitled to a removal of the suit."

The only question, then, which we have to determine is whether the record upon the filing of the petition showed a right of removal by appellants, two foreign corporations. There is no allegation in the complaint that the other defendant named, the Texarkana Street Railway Company, is a corporation, either domestic or foreign. The petition for removal states that the railway company is not a corporation, but is a trade name under which either Bamboff or Crouch is doing business, and that neither of those persons have been served with process, or are parties to the suit. According to these allegations, the two appellants were the only defendants to the action, and were

therefore, entitled to have the cause removed. Upon this showing made by the petition, the Federal statute made it the duty of the circuit court "to accept said petition and bond, and proceed no further in the suit." All further proceedings in that court were without jurisdiction, erroneous and void.

Appellants did not waive their right to insist upon a removal of the cause by filing answers, and contesting the suit upon its merits. *Little Rock, M. R. & T. Ry. Co.* v. *Iredell, supra; Railroad Company* v. *Koontz,* 104 U. S. 5; *Stix* v. *Keith, supra.*

Appellants also asked a removal of the cause upon the alleged ground that the cause of action asserted against them was separable. But, as we hold that the cause should have been removed on the ground of diversity of citizenship, these and other questions in the case urged upon our attention need not be decided.

The judgment is reversed, and the cause remanded, with directions to enter the order for removal of the cause.