ST. LOUIS SOUTHWESTERN RAILWAY COMPANY v. ADAMS.

Opinion delivered July 6, 1908.

1. PLEADING—DEFECTIVE COMPLAINT—REMEDY.—Where a complaint contains a defective statement of a cause of action, the remedy is by motion to make the complaint more definite and certain. (Page 138.)

2. REMOVAL OF CAUSES—GROUND.—Where a complaint states a cause of action against two defendants, one of whom is a nonresident, the cause of action as to such nonresident cannot be removed to the Federal court merely by raising an issue of fact in the petition for removal as to whether a joint cause of action exists. (Page 139.)

3. SAME—FRAUDULENT JOINDER OF DEFENDANTS.—The right of a nonresident defendant, sued in a State court by an employee to recover for personal injuries, to remove the case to the Federal court cannot

be defeated by the fraudulent joinder of a resident employee as codefendant who was in no way responsible for plaintiff's injuries. (Page 139.)

4.  ·SAME—JURISDICTION TO TRY ISSUE OF FACT.—Where an issue of fact is raised upon a petition for removal of a cause to a circuit court of the United States, that issue must be tried in the Federal court, and not in the State court.  (Page 141.)

Appeal from Monroe Circuit Court; *Eugene Lankford,* Judge; reversed.

*S. H. West* and *J. C. Hawthorne,* for appellant.

There is no allegation in the complaint tending to connect the defendant .Smith with the injury so as to prevent a removal; and, this fact being alleged in the petition for removal, the court erred in denying the petition.  204 U. S. 430.

*H. A. Parker* and *G. F. Chapline,* for appellee.

There was no error in denying the petition for removal to the circuit court of the United State.  179 U. S. 139; 169 U. S. 93; 151 U. S. 56; *Id.* 368; Moon on Removal of Causes, § § 141, 144 *et seq.*

McCULLOCH, J.   The plaintiff, Silas Adams, a lad about eleven years of age instituted, by next friend, this action in the circuit court of Monroe County against the St. Louis Southwestern Railway Company and Otto Smith, one of its conductors. on a freight train, to recover damages caused by his being knocked down and injured by moving cars.   Damages are laid in the sum of $9,500.

It is alleged in the complaint that defendant Smith was conductor on the freight train which inflicted the injury to plaintiff, and had charge of the train at that time; that plaintiff was injured while attempting to drive some calves across the railroad track at the .town of Clarendon, Arkansas; and that the defendants were negligent in failing to ring the bell or sound the whistle of the locomotive or to place some person in charge of a car keeping a lookout which was being "kicked" backward on the switch, and which caused the injury to plaintiff.

Defendant railway company in apt time filed its petition and bond in due form for removal of the case in the circuit court of the United States.

The petition states, among other things, the diverse citizenship of plaintiff and the defendant, that "the plaintiff has,

for the fraudulent purpose of preventing this defendant from removing this cause to the Federal court, and for the fraudulent purpose of defeating the Federal court of jurisdiction, joined in his complaint one Otto Smith as a party defendant; that said Otto Smith, while he was conductor on the train by which the plaintiff is alleged to have been injured, was not in charge of said train at the time of the accident, and under the rules of the company he was not required to be in charge of said train; that, among other duties that he had to perform, he had to look over the bills for outgoing freight from such stations as Clarendon, Arkansas, at the place the injury is said to have taken place; that at the time of the injury defendant Smith was inside of the depot building in the office of the agent, engaged in the work of getting the way bills for outgoing freight; * * * that he is not in any way, by the rules of the company or by custom of the management of the road, required to look after or be present in the movement or setting of freight cars or in switching same; that all these facts are well known to plaintiff's attorney, who joined the said Otto Smith as a party defendant for the sole and only purpose of preventing the removal of this cause." The petition was duly verified by the affidavit of the attorney for the railway company and also by the affidavit of defendant Smith.

The court overruled the petition for removal and retained jurisdiction of the case.

Both defendants filed separate answers, denying all allegations of the complaint as to negligence. The case proceeded to trial, resulting in verdict and judgment for plaintiff against the railway company alone, and the latter appealed to this court.

It is contended that the complaint does not on its face set forth facts sufficient to constitute a cause of concurrent negligence on the part of the railway company and its co-defendant Smith, and that the case was, on the face of the complaint, removable.

We do not agree to this construction. The cause of action is imperfectly stated in the complaint, but it is, nevertheless, a statement of a cause of action against both defendants for joint or concurrent negligence. The defective statement of the cause of action could only be questioned by motion to make the complaint more definite and certain. *Choctaw, O. & G. Rd. Co.* v.

*Dougherty,* 77 Ark. 1 ; *Roberts & Schaeffer Co.* v. *Jones,* 82 Ark. 188.

As the complaint on its face states a cause of action against both of the defendants which can be properly joined in one action, the cause cannot be removed on the ground that it is a separable controversy, merely by raising an issue of fact in the petition for removal as to whether or not a joint cause of action exists. This is settled by repeated decisions of the Supreme Court of the United States. The latest utterance of that court on the subject is in the case of *Alabama Great So. Ry. Co.* v. *Thompson,* 200 U. S. 206. The court in that case quotes with approval the following statement of the law by Mr. Justice Gray in *Powers* v. *Chesapeake & Ohio Ry. Co.,* 169 U. S. 92: "It is well settled that an action of tort, which might have been brought against many persons or against any one or more of them, and which is brought in a State court against all jointly, contains no separate controversy which will authorize its removal by some of the defendants into the circuit court of the United States, even if they file separate answers and set up different defenses from the other defendants, and allege that they are not jointly liable with them, and that their own controversy with the plaintiff is a separate one; for, as this court has often said, 'A defendant has no right to say that an action shall be several which the plaintiff seeks to make joint.' A separate defense may defeat a joint recovery, but it cannot deprive a plaintiff of his right to prosecute his suit to final decision in his own way. The cause of action is the subject-matter of controversy, and that is, for all the purposes of the suit, whatever the plaintiff declares it to be in his pleadings."

The court in the Thompson case added this: "The question of removability depends upon the state of the pleadings and the record at the time of the application for removal, and it has been too frequently decided to be now questioned that the plaintiff may elect his own method of attack, and the case which he makes in his declaration, bill or complaint, that being the only pleading in the case, determines the separable character of the controversy for the purpose of deciding the right of removal."

But in that and previous cases in the Supreme Court of the United States there was no question raised, such as we have

in the present case, of fraud on the part of the plaintiff in stating a case of joint liability against two or more defendants for the sole purpose of defeating jurisdiction of the federal courts. The opinion in the Thompson case expressly excludes any intention to decide that in such a case jurisdiction could be thus defeated. "It is to be remembered," said the court, "that we are not now dealing with joinders which are shown by the petition for removal or otherwise to be attempts to sue in the State court with a view to defeat Federal jurisdiction. In such cases entirely different questions arise, and the Federal courts may and should take· such action as will defeat attempts to wrongfully deprive parties entitled to sue in Federal courts of the protection. of their rights in those tribunals."

The precise question did, however, arise and was decided by the court in the later case of *Wecker* v. *National Enameling Co.,* 204 U. S. 176. The plaintiff sued two defendants, a corporation and one of its employees, alleging in his complaint joint acts of negligence which constituted the cause of action. One of the defendants, the corporation, filed its petition for removal, as in the present case, alleging that there was. no joint liability, and that the other party was not joined as defendant in good faith but for the purpose of fraudulently and improperly preventing or attempting to prevent that defendant from removing the cause to the Federal court. The record was lodged in the circuit court of the United States, and that court and also the Supreme Court on hearing of a writ of error held that the case was removable, and that the motion to remand the case to the State court should be overruled. Mr. Justice DAY, who had delivered the opinion of the court in the Thompson case, *supra,* speaking for the court in the Wecker case, said: "While the plaintiff, in good faith, may proceed in the State courts upon a cause of action which he alleges to be just, it is equally true that the Federal courts should not sanction devices intended to prevent a removal to a Federal court when one has that right, and should be equally vigilant to protect the right to proceed in the Federal court as to permit the State courts, in proper cases, to retain their own jurisdiction."

The only difference between the Wecker case and the one now before us is that there the State court relinquished juris-

diction and the question of removability arose on a motion to remand it to the State court. Here the State court refused to relinquish control over the case, and decided for itself that it had the right to retain jurisdiction.

The only remaining question, therefore, for us to decide is whether in this state of the record, where the petition for removal alleges fraud in wrongfully joining two parties as defendants solely for the purpose of defeating removal, the State court can inquire into and determine for itself the issue of fact thus presented.

It has been repeatedly held by this court and by the Supreme Court of the United States that the State court has no jurisdiction to try an issue of fact properly raised on the petition for removal, but that that can only be done by the Federal court on motion to remand after removal. *Little Rock, M. R. & T. Ry. Co.* v. *Iredell,* 50 Ark. 388; *Texarkana Telephone Co.* v. *Bridges,* 75 Ark. 116; *Stone* v. *South Carolina,* 117 U. S. 430; *Burlington, etc., Ry. Co.* v. *Dunn,* 122 U. S. 513; *Kansas City, Ft. S. & M. Rd. Co.* v. *Daughtry,* 138 U. S. 298.

These cases are, we think, decisive of the question now presented. Upon the question of fact presented in the petition for removal as to whether or not the two defendants have been joined in one action solely for the purpose of defeating removal to the Federal court, the circuit court of the United States must pass, and not the State court. The petition setting up that fact states grounds for removal, and it is the duty of State court, pursuant to the mandate of the Federal statute, "to accept said petition and bond and proceed no further in said suit."

The provision of the statute which authorizes the Federal court to remand the cause to the State court, if "it shall appear to the satisfaction of said circuit court that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said court," affords an exclusive remedy and a forum for determining a disputed question of fact raised by the petition. Moon on Removal of Causes, § 131; *Plymouth Gold Mining Co.* v. *Amador & S. Canal Co.,* 118 U. S. 264.

This view of the statute is expressed by the United States Circuit Court of Appeals for the Sixth Circuit in *McAlister* v. *Chesapeake & O. Ry. Co.,* 157 Fed. 740.

It follows that the circuit court of Monroe County had no authority to inquire into the truth of the allegations of the petition for removal and lost jurisdiction of the case on the filing of the petition and bond. Therefore all subsequent proceedings are void.

· The judgment is reversed, and the cause remanded with directions to enter an order for removal of the cause in accordance with the prayer of the petition.