ST. LOUIS-SAN FRANCISCO RAILWAY COMPANY v. BRITTON.

Opinion delivered March 24, 1924.

1. REMOVAL OF CAUSES—SUFFICIENCY OF PETITION.—In an action for the death of plaintiff's intestate, against a railroad company and its engineer and fireman, a petition by the railroad company which alleged that the engineer and fireman were not responsible for the killing, and that they were joined as defendants fraudulently for the purpose of depriving petitioner of its right to remove the cause to the Federal court, held to show a right to removal.

2. REMOVAL OF CAUSES—DETERMINATION OF RIGHT.—The right of removal must be determined by the state of the record in the State court when the removal is sought, and, where the right to remove depends upon the determination of an issue of fact, that issue must be tried by the Federal court on a motion to remand.

3. REMOVAL OF CAUSES—ISSUE OF FACT—HOW RAISED.—An issue of fact upon a petition for removal can arise only upon direct allegations of fact which show fraud in the unauthorized joinder of defendants, and not upon mere conclusions or deductions from facts.

Appeal from Crawford Circuit Court; *James Cochran*, Judge; reversed.

*W. F. Evans* and *Warner, Hardin & Warner,* for appellant.

It was reversible error to deny appellant's petition for removal of the cause to the United States District Court on the ground of diversity of citizenship. True that resident codefendants were joined in the complaint, but the allegations of the petition recited facts which compel the conclusion that this joinder was a fraudulent one and done to defeat the removal to the Federal court. The right of removal must be determined by the condition of the record in the State court at the time the removal is sought, and that court has no jurisdiction to try an issue of fact raised by the petition. 75 Ark. 116; Lewis on Removal of Causes, 432, § 258; 226 Fed. 323, 326; 87 Ark. 136; (U. S.) 66 Law. ed. 144; 128 Fed. 85; 57 Fed. 169; 180 Ky. 848; (U. S.) 51 Law. ed. 430.

*J. Seaborn Holt,* for appellee.

In order to make the petition for removal sufficient, it was necessary to traverse or deny in such petition that the engineer and fireman, who were joined with the defendant railway company in the complaint, were in charge of the train that caused the accident. In the absence of such denial, the case should not be removed. 144 Ark. 65; 127 Ark. 179; 232 U. S. 146.

McCulloch, C. J. Appellee's intestate, W. D. Britton, was run over and killed by a train of cars, operated by appellant's servants, on the night of July 1, 1922, at a point on G Street, in the city of Fort Smith, where appellant's tracks cross said street. According to the pleadings and proof, there were seven parallel tracks of appellant at that place, and Britton was run over by one or more freight cars in a train of sixteen cars being switched along one of those tracks. Britton was employed as night watchman at an oil mill near the tracks, and it is alleged in the complaint that, as he was crossing the railroad tracks along G Street, he was struck by the train, which was being backed down the track, and was knocked down, run over, and killed. The engineer and fireman operating the engine of the train which is said to have caused

the injury were joined as defendants, upon general allegations that the injury and death of Britton was caused by the joint negligent acts of appellant and of the fireman and engineer, A. E. Kimes and W. L. Corrotto, respectively.

The complaint contains allegations as to four acts of negligence which caused the injury, viz: (1) failure to keep a constant lookout for persons and property on the track, when, if the lookout had been kept, the peril of deceased would have been discovered in time to avoid the injury; (2) failure to place a signal light on the end of the rear car in the train, or to place some person on the end of the train to keep a lookout and give warning to persons approaching the track; (3) failure to ring the bell or sound the whistle, or give any kind of warning signal, as the train was being backed over the crossing; and (4) the failure to maintain an automatic electric alarm bell at the crossing.

In apt time appellant filed its petition and bond for removal of the cause to the District Court of the United States for the Western District of Arkansas, Fort Smith Division, which petition the court overruled, and a trial of the case before a jury resulted in a verdict in favor of appellee against appellant railway company, but in favor of defendants Corrotto and Kimes.

Appellant's petition for removal contained appropriate allegations as to diversity of citizenship of appellee and appellant, and as to the jurisdiction of the Federal court with respect to the amount involved. It also contained allegations to the effect that there was no cause of action against appellant's codefendants, Corrotto and Kimes, and that they were fraudulently joined as defendants in the action for the sole purpose of depriving appellant of its right to remove the cause to the Federal court. It was alleged in the petition, in substance, that defendants, Corrotto and Kimes, were neither, in any way, responsible for the injury alleged to have been sustained; that the injury to Britton was not caused by the failure of either of said codefendants of appellants to keep a

lookout; that said codefendants, Corrotto and Kimes, were the engineer and fireman of the train, which was in charge of a conductor, or foreman of the switching crew, and that said codefendants, Corrotto and Kimes, were not charged with the duty of placing signal lights or lookout on the rear end of the train, or with maintaining an automatic alarm signal at the crossing. It also denied that the injury to Britton resulted from any failure on the part of Corrotto and Kimes to keep a lookout from the engine. The allegations of the petition were sufficient to traverse every allegation of the complaint which tended to charge negligence on their part which resulted in the injury to Britton. It is also alleged in the petition that appellee, when the suit was instituted, was apprised of all the facts, but had fraudulently joined Corrotto and Kimes as defendants in the action for the purpose of depriving appellant of its right of removal to the Federal court. The petition made a case, we think, for removal, and the court erred in failing to grant the petition and remove the cause.

It has long been established by decisions of the Federal court, as well as by decisions of this court, that the right of removal must be determined by the state of the record in the State court at the time the removal is sought, and that, where the right to remove depends upon the determination of an issue of fact, that issue must be tried by the Federal court on a motion to remand. *Texarkana Tel. Co.* v. *Bridges,* 75 Ark. 116; *St. L. S. W. Ry. Co.* v. *Adams,* 87 Ark. 136; *Wecker* v. *National E. & S. Co.,* 204 U. S. 176; *Wilson* v. *Republic Iron & Steel Co.,* 257 U. S. 92. It has been decided, however, that the issue of fact can only arise upon direct allegations of facts which show fraud in the unauthorized joinder of defendants, and not mere conclusions or deductions from facts. *Chesapeake & Ohio R. Co.* v. *Cockrell,* 232 U. S. 146; *Lusk* v. *Osborn,* 127 Ark. 170; *New Coronado Coal Co.* v. *Jasper,* 144 Ark. 58.

Counsel for appellee rely on the case of *New Coronado Coal Co.* v. *Jasper, supra,* as militating against

appellant's right of removal upon the facts set forth in the petition. We do not, however, agree with counsel in this, for, in the petition in the present case, there is a complete traverse of appellee's right of action set forth in the complaint upon every theory. In the case cited there was a failure to allege in the petition facts which would negative one of the theories upon which recovery was sought in the complaint, and we said that this was not sufficient to show grounds for removal on account of improper joinder of codefendants. Such is not the state of the present case. Counsel for appellee contends that the petition contains no denial of the allegation that Corrotto and Kimes were in charge of the train which caused the injury, but we think that there is a specific denial in the petition, so far as concerns the acts of negligence for which they might have been responsible, other than failure to keep a lookout from the engine. It is alleged in the petition that the train was in charge of a conductor or foreman of the switch crew; that Corrotto and Kimes were not in any way answerable for the injury or damage alleged to have been sustained as the result of the death of plaintiff's decedent; that it was not the duty of either of them to place a signal or warning light on the rear end of the train, but that that duty devolved upon the conductor of the train, if any one was chargeable with such duty; and that it was not the duty of Corrotto or Kimes to station other men on the train or at other places to keep a lookout.

The petition, as before stated, contained denials that there was a failure on the part of Corrotto or Kimes to keep a lookout from the engine, or that the injury resulted from any failure on the part of either of them to keep a lookout.

There is no escape from the conclusion that the allegations in the petition were direct to the effect that appellant's codefendants were not responsible in any way for the injury, that appellee was aware of the fact, and fraudulently joined them for the purpose of preventing a removal of the cause to the Federal court. This, as

before stated, made out a case, on the face of the record, for removal of the cause, and the petition should have been granted. For this reason the judgment is reversed, and the cause remanded with directions to grant the petition in accordance with its prayer.