**THOMPSON et al. v. MOORE.**

No. 11505.

Circuit Court of Appeals, Eighth Circuit.

Feb. 7, 1940.

---

[2] Cf. Straton v. New, 283 U.S. 318, 51 S.Ct. 465, 75 L.Ed. 1060, 1061, 17 A.B. R.,N.S., 630; 8 C.J., p. 897, Sec. 244.

[3] 11 U.S.C.A. §§ 402, 403(a).

C. E. Daggett, of Marianna, Ark. (J. B. Daggett and Daggett & Daggett, all of Marianna, Ark., on the brief), for appellants.

R. D. Smith, of Marianna, Ark., and Marvin B. Norfleet, of Forrest City, Ark., for appellee.

Before WOODROUGH and THOMAS, Circuit Judges, and NORDBYE, District Judge.

THOMAS, Circuit Judge.

This is a suit for a declaratory judgment brought in the district court by the appellants against the appellee. Upon motion and plea in abatement the petition was dismissed for want of jurisdiction. The only question presented on the appeal is whether or not the district court had jurisdiction of the subject matter.

In their complaint the appellants, plaintiffs in the district court, prayed particularly that the court declare whether plaintiffs are in any wise liable to the appellee, Mrs. W. A. (Edith) Moore, defendant below, in damages, as a result of injuries sustained by her on March 11, 1936, in a collision occurring at a street crossing in Marianna, Arkansas, between a train operated by plaintiffs and an automobile in which Mrs. Moore was riding.

It was alleged that a controversy exists between the parties in respect of such liability.

Jurisdiction of the federal court was alleged to exist because of diversity of citizenship of the parties and because the matter in controversy exceeded $3,000. The appellants are citizens of Missouri and the appellee of Arkansas.

In her motion to dismiss and plea in abatement the appellee admitted the collision and injury, the residence of the parties, and the amount involved, but denied jurisdiction of the federal court on the ground that the "actual controversy" existing at and prior to the commencement of the suit was between her as plaintiff on one side and the appellants and the engineer in charge of the operation of the train at the time of the collision jointly on the other, and not between herself and appellants alone.

The Declaratory Judgment Act (Judicial Code, Section 274d, 28 U.S.C.A. § 400) under which the action was brought is procedural and not jurisdictional. Ætna Life Ins. Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000; American Automobile Ins. Co. v. Freundt, 7 Cir., 103 F.2d 613, 617.

If the "actual controversy" is between a citizen of Arkansas on one side, and another citizen of Arkansas and appellants on the other side jointly, the district court was without jurisdiction. Federal courts have jurisdiction over "Controversies * * * between citizens of different States" (U.S.C.A.Constitution, Art. III, § 2; Judicial Code, § 24, 28 U.S. C.A. § 41), but this does not mean a "controversy between citizens of the same state and citizens of another state." Sweeney v. Carter Oil Company, 199 U.S. 252, 256, 26 S.Ct. 55, 56, 50 L.Ed. 178; Treinies v. Sunshine Min. Co., 308 U.S. 66, 67, 71, 60 S.Ct. 44, 84 L.Ed. ——.

The character of the controversy in this case depends upon the situation of the parties at the time of the commencement of the action as disclosed by the allegations of the complaint and the uncontradicted allegations of the plea in abatement. Salem Trust Company v. Manufacturers' Finance Co., 264 U.S. 182, 44 S.Ct. 266, 68 L.Ed. 628, 31 A.L.R. 867; Royalty Service Corp. v. City of Los Angeles, 9 Cir., 98 F.2d 551; Ford, Bacon & Davis v. Volentine, 5 Cir., 64 F.2d 800.

The elements and nature of the controversy as alleged are as follows:

On the 11th of March, 1936, at Chestnut street in Marianna, Arkansas, an automobile in which Mrs. Moore was riding collided with a train then being operated by appellant Thompson, trustee, and his employees. In December, 1936, Mrs. Moore commenced an action against appellants in the state court for damages for injuries received in the collision on the ground that her injuries were the result of appellants' and that of their employee's negligence in failing to ring the bell or sound the whistle for the crossing at Chestnut street. The defendants in that suit answered denying negligence and alleging contributory negligence. In March, 1938, Mrs. Moore amended the complaint alleging that one

Lawrence was the engineer in charge of the operation of the train, alleging concurrent negligence, making him a party defendant, alleging that her injuries were permanent, and praying for judgment for $25,000 against appellants and Lawrence jointly.

Appellants removed the cause to the federal court on the ground of a separable controversy, alleging in their petition that Lawrence was not the engineer in charge of the locomotive and train at the time of the collision and that the joinder was fraudulent. Lawrence was a citizen of Arkansas.

A motion to remand was in due time filed by Mrs. Moore in which she traversed the allegations of the petition for removal. Upon the hearing on the motion to remand evidence was received and it conclusively appeared that Lawrence was not the engineer in charge of the train. It is alleged in the plea in abatement and admitted in appellant's brief that it then appeared that one Avery, a resident of Arkansas, was the engineer and employee of appellants in charge of the operation of the train at the time of the collision. When these facts appeared, it is alleged in the complaint, that counsel for Mrs. Moore "announced in open court that a non-suit would be entered in the cause pending and that they would immediately file another suit in the Circuit Court of St. Francis County, Arkansas, against complainants herein to recover damages for the alleged injuries suffered by her."

The motion to remand was heard by the court on October 3, 1938, and a non-suit entered in the case then pending. This cause was filed by appellants on the following day, October 4, 1938. In the plea in abatement it is alleged, and it is recited in appellants' brief, that Mrs. Moore filed her suit in the state court on October 8, 1938, against appellants and Avery jointly for $25,000 damages and that the case was tried on March 23–24, 1939, resulting in a joint judgment for $3,000 against appellants and Avery, an appeal from which judgment has been perfected to the Supreme Court of Arkansas.

■ The jurisdiction of the district court depends, as pointed out above, upon the nature of the controversy existing between the parties at and prior to the commencement of this suit on October 4, 1938. In Ætna Life Ins. Co. v. Haworth, supra, 300 U.S. at page 244, 57 S.Ct. at page 465, 81 L.Ed. 617, 108 A.L.R. 1000, the Supreme Court said that "It is the nature of the controversy * * * that is determinative" of jurisdiction. Here the facts alleged show that Mrs. Moore since March, 1938, was claiming that the appellants and the engineer in charge of the train at the time of the collision were joint tort-feasors and that her injuries resulted from their concurrent negligence in failing to ring the bell or sound the whistle of the locomotive for the crossing where the collision occurred in violation of section 11135 of Pope's Arkansas Digest. She never abandoned that claim. When at the hearing on the motion to remand on October 3, 1938, she discovered that she was mistaken in the name of the engineer; that it was Avery and not Lawrence; her counsel "announced in open court" that she would "immediately file another suit" in the state court. Her controversy from that moment, if not before, was with the appellants and the engineer jointly. No other controversy between appellants and appellee is disclosed by the pleadings.

■ Under the law of Arkansas it was the privilege of Mrs. Moore, the injured party, to say whether her controversy was with one or both of the joint tort-feasors whose concurrent negligence she claimed caused her injury. Coats v. Milner, 134 Ark. 311, 203 S.W. 701, 702; St. Louis Southwestern R. Co. v. Adams, 87 Ark. 136, 112 S.W. 186, 187; Chicago, R. I. & P. R. Co. v. McKamy, 180 Ark. 1095, 25 S.W.2d 5. One of two joint tort-feasors has no right to say that an action is several which the injured party claims is joint. Chesapeake & Ohio R. Co. v. Dixon, 179 U.S. 131, 138, 21 S.Ct. 67, 45 L.Ed. 121. This is true particularly where the injured party has elected to make the controversy joint before one of the joint tort-feasors has attempted to make it several by commencing a suit for a declaratory judgment. It was not intended by the Declaratory Judgment Act to enable a party to obtain a change of tribunal and thus defeat the jurisdiction of the state court or "accomplish in a particular case what could not be accomplished under the removal act." American Automobile Ins. Co. v. Freundt, 7 Cir., 103 F.2d 613, 617.

Since the controversy by Mrs. Moore, a citizen of Arkansas, was against Avery, also a citizen of Arkansas, and appellants, citizens of Missouri, jointly, the district court was without jurisdiction, and the court did not err in dismissing the complaint.

Affirmed.