# Stix & Co. *v.* Keith.

*Trespass against Attaching Creditnrs, by Purchaser from Defendant in Attachment.*

1. *Removal of cause from State to Federal court.*—Under the acts of Congress regulating the removal of causes from a State court to a Federal court, as construed by the Supreme Court of the United States, which is the final arbiter of all such questions, the right of removal attaches on the filing of a sufficient petition, supported by affidavit and bond, and the State court has no jurisdiction to proceed further with the cause; if the removal is improperly refused, the defendant loses none of his rights by defending the action, and may, on appeal from a final judgment, assign such refusal as error.

APPEAL from the Circuit Court of Jackson.

Tried before the Hon. JOHN B. TALLY.

This action was brought by P. W. Keith against the appellants, a partnership, to recover damages for the alleged illegal seizure of a stock of goods, which the plaintiff had purchased from one C. M. Fennell, and on which an attachment was levied by the sheriff, at the suit of the defendants, as the property of Fennell. The defendants pleaded the general issue, "in short by consent, with leave to give any special matter in evidence;" and the cause was tried on issue joined on that plea. On the 26th May, 1885, before plea filed, the defendants filed a petition, supported by bond and affidavit, asking a removal of the cause to the Circuit Court of the United States at Huntsville, on the ground that they were citizens of Ohio and New York, while the plaintiff was a citizen of Alabama, No action was taken on this petition, the

cause being "continued generally," until the June term, 1886, when, on June 9th, it was "overruled and disallowed." In the meantime, on the 23d October, 1885, the plaintiff appeared in the United States Circuit Court, and asked an order remanding the cause to the State court; which was refused on that day, and a certified copy of the order refusing it was filed in the State court on the 26th May, 1886. A trial of the cause was had at the August term, 1887, which resulted in a judgment on verdict for the plaintiff; but the judgment was reversed by this court on appeal, and the cause remanded. *Stix & Co. v. Keith*, 85 Ala. 465. The effort to remove the cause into the Federal court does not appear to have been noticed, either on the trial below, or in this court on appeal.

The cause being again called for trial on February 18th, 1889, "the defendants called the attention of the court to their petition, with affidavit and bond, for the removal of the cause into the Circuit Court of the United States at Huntsville, theretofore filed in the court February 14th, 1889, and requested and moved the court to make an order of removal pursuant to the prayer of said petition;" which motion the court overruled, and the defendants excepted. "Thereupon, the defendants called the attention of the court to the notice served on plaintiff's attorneys, and filed in this case February 15th, 1889, and to the certified copies of defendants' petition and affidavit filed in said Circuit Court of the United States on February 15th, 1889, which said certified copies were filed in this court on February 16th; and called the attention of the court to the fact that there had been no session of the said Circuit Court of the United States since said removal proceedings had been commenced, and that the sessions of said court are held in April and October of each year; and objected to this court proceeding with said cause until said U. S. Circuit Court could have an opportunity to hear and pass on said application for a removal of the cause. The court overruled defendants' said objections, and required that they should proceed with the trial of said cause without waiting for said U. S. court to pass on said application; to which ruling defendants duly excepted." The defendants then called the attention of the court to their former petition for the removal of the cause, and the proceedings had upon it, as above stated, "and objected to proceeding further with the case until said U. S. court had remanded the cause, or had otherwise disposed of said petition and cause." The court overruled this motion and objection, and defendants excepted. The trial then proceeded, and the defendants reserved several exceptions to the rulings of the court on the admissibility of evidence, which require no special notice.

The first petition for the removal of the cause was based on the non-residence of the defendants and their citizenship in other States; and the second, on the ground that, "from prejudice and local influence," they could not obtain justice in the State court. As no objection seems to have been raised to the sufficiency of these petitions, or the affidavits and bonds accompanying them, it is unnecessary to set them out.

The rulings of the court on the applications for a removal of the cause, and the other rulings to which exceptions were reserved, are assigned as error.

HUMES, WALKER & SHEFFEY, for appellants, cited *Ex parte State*, 71 Ala. 364; *Removal Cases*, 100 U. S. 457; *Insurance Co. v. Dunn*, 19 Wall. 214; *Railroad Co. v. Mississippi*, 102 U. S. 135; Spear on Fed. Jurisdiction, 472–3; Desty's Fed. Procedure, 220, 6th ed., and cases cited.

BROWN & BRICKELL, *contra*. (No brief on file.)

SOMERVILLE, J.—The most tenable point of contention urged on us is the one involved in the two separate motions made by the appellants, to remove this suit from the State to the Federal Court.

The first petition for this purpose was filed May 26th, 1885— being the first term of the Circuit Court of Jackson county after the commencement of the action, which was January 19th, 1885. The ground of removal was the citizenship of the petitioners, who were defendants in the State court; and the petition averred their residence in the State of Ohio, at the time of fiiling the petition for removal, as well as when the suit was brought. The requisite bond was filed, as demanded by the act of Congress of March 3d, 1875, and other prior acts. of which that legislation was amendatory. This application was refused June 9th, 1886.

The second petition was filed February 15th, 1889, after the act of March 3, 1887, went into effect. It alleged the non-residence of the petitioners, and their residence in other named States, and was based on the existence of prejudice and local influence against the petitioners, as provided for under the act of March 2d, 1867, and other statutes amendatory and revisory of that act. The petition seems to be in due form, and was accompanied by a proper bond.

It is made to appear that the appellee appeared by counsel in the Circuit Court of the United States, on October 23d, 1886, after the overruling of the first application in the State court, and moved to remand the cause to the State court, and this motion was overruled by the Federal court.

The following principles, touching the subject of the removal of causes from State to Federal courts, have been authoritatively settled by the Supreme Court of the United States, which must be considered the ultimate arbiter of all such questions:

(1.)  The right of removal of a suit of this kind is governed exclusively by the acts of Congress bearing on the subject, and the terms and conditions of removal are there fully prescribed. A party seeking removal must, therefore, show upon the face of his petition that his cause comes within the statute. *Phœnix Ins. Co. v. Pechner*, 95 U. S. 183; *Removal Cases*, 100 U. S. 457.

(2.)  When such a case is presented in due form on the face of the petition, showing a legal right to the transfer, the State court has jurisdiction to decide but a single point; and that is, whether, admitting as true the facts alleged, the petitioner is entitled to removal. The question is one purely of *law*, in the nature of a demurrer to the sufficiency of the petition. *Burlington, C. R. & N. R. Co. v. Dunn*, 122 U. S. 513; *Ex parte State of Alabama*, 71 Ala. 364.

(3.)  If the petition is sufficient, showing on its face a case within the statute, the State court is bound to surrender its jurisdiction. That tribunal can proceed no further in the suit. It has no power to try any issue of *fact* on the petition. All such issues must be tried in the Federal court, on motion made there to remand the cause to the State court.—*Stone v. South Carolina*, 117 U. S. 430; *Burlington C. R. & N. R. Co. v. Dunn*, 122 *Ib.* 513.

(4.)  Upon such a petition being filed, the cause being one that is removable, the State court has no lawful power to refuse a removal. Its *rightful* jurisdiction ceases *eo instanti*, and no formal order of removal is necessary, but only a suspension of further proceedings. Any subsequent attempt of the State court to assert its jurisdiction, or any judgment afterwards rendered by such tribunal in the case, unless the case is remanded by the Federal court, is erroneous, and, therefore, ground for reversal in this court.—*Kern v. Hudiekoper*, 103 U. S. 485; Dillon's Removal of Causes, § 75, note 2; *McNeal Pipe & Foundry Co. v. Howland*, 6 Amer. St. Rep. 513. But, if the cause, as shown on the face of the petition, is one not removable under the laws of Congress, the mere filing of such insufficient petition does not work a transfer, or otherwise oust the jurisdiction of the State court.—*Burlington, &c. Co. v. Dunn*, 122 U. S. 513.

(5.)  If this court fails, or refuses, in a proper case for removal, to reverse the judgment of the lower court, upon error

assigned for the refusal to decline further jurisdiction, a Federal question is raised, which will become the subject of review by the Supreme Court of the United States, on writ of error to that court.—*Chesapeake & O. R. R. Co. v. White,* 111 U. S. 134.

(6.) A party failing in his efforts to obtain the removal of a suit loses none of his rights by defending the action in the State court, when he is forced into a trial.—*Removal Cases,* 100 U. S. 457; *Railroad Co. v. Mississippi,* 102 *Ib.* 135; *Insurance Co. v. Dunn,* 19 Wall. 214. And upon a reversal of the judgment on appeal to this court, it is not too late to make an order for the allowance of the removal.—*Baltimore & Ohio R. R. Co. v. Koontz,* 104 U. S. 5; Dillon's Removal of Causes, § 60.

(7.) Under the act of March 3, 1875 (18 U. S. Stat. 470), the right of removal on the ground of citizenship was required to be asserted by filing a petition in the State court "before or at the term at which said cause could be first tried, and before the trial thereof."—*Phoenix Mut. Ins. Co. v. Walrath,* 117 U. S. 365; *Pullman Palace Car Co. v. Speak,* 113 U. S. 84; *Holland v. Chambers,* 110 *Ib.* 59.

(8.) The act of March 2, 1867, *clause 3* (Rev. Stat. U. S., § 639), which authorized removals, in certain causes, on the ground of *prejudice or local influence,* at any time before the trial or final hearing of the suit, has been held not to be repealed by the act of 1875.—*Hess v. Reynolds,* 113 U. S. 73; *Bible Society v. Grove,* 101 U. S. 610; *Schræder v. Min. & Man. Co. v. Packer,* 129 *Ib.* 688. This clause is superseded, but not materially changed, by the act of March 3, 1887, so far as this particular point is concerned, by providing for the removal of a cause, "at any time before a trial thereof," on the same ground of prejudice or local influence; the petition being required to be verified by the proper affidavit of the petitioner, the truth of which can be contested only in the Federal court. 120 U. S. 790–791.

The appellee's petitions in the present case each seem to have been prepared in conformity to the requirements of the statute, following in substance the approved forms.—Dillon's Removal of Causes, pp. 141–147; *Removal Cases,* 100 U. S. 457. No objection appears to have been taken to the sufficiency of the bond, and we must presume, on this appeal, that it was sufficient.—*Mix v. Andes. Ins. Co.,* 74 N. Y. 53; *Ayers v. Watson,* 113 U. S. 594. And none, likewise, was interposed to the regularity of the other proceedings. The order for removal was apparently refused on the sole ground that the Circuit Court of the United States, which had held no term

since the last petition was made—the one filed February 14th, 1889,—had taken no action, or made any order looking to a removal, based on prejudice or local influence. No such action by the Federal court was necessary in order to prevent further proceedings by the State court.

That the petitions, one or both, disclosed a case for removal, seems to us free from serious doubt. The Circuit Court erred, therefore, under the principles above announced, in not making the requisite order.

The other questions raised become immaterial on the present appeal.

The judgment is reversed, and the cause remanded, with instructions to the Circuit Court to vacate all orders and judgments made or entered subsequently to the filing of the appellants' petitions for removal and the approval of the bonds; and said court will proceed no further in said cause, unless its jurisdiction be restored by the action of the Circuit Court of the United States.—*Railroad v. Koontz*, 104 U. S. 5, 18.