(129 So. 262)

### Ex parte CONSOLIDATED GRAPHITE CORPORATION.

7 Div. 960.

Supreme Court of Alabama.

June 19, 1930.

Cabaniss, Johnston, Cocke & Cabaniss, of Birmingham, for petitioner.

Pruet & Glass, of Ashland, for respondent.

SAYRE, J.

The record of the proceedings in the circuit court (eighteenth circuit of Alabama) and in the District Court of the United States, Northern District, Eastern Division, is confused and not as complete as it might be; but no objection is heard on that account, and it is considered that the court here is in position fairly and justly to adjudicate the question presented for decision.

Consolidated Graphite Corporation, chartered under the law of Delaware, claiming to be the owner of a delinquent first mortgage on lands purchased from one Shumate, mortgagor, by Alabama Quenelda Graphite Company, also a Delaware corporation, advertised the lands for sale under power contained in the mortgage. Thereupon one Kelly, proceeding in his own name as stockholder and officer of the Quenelda Company, as we understand, filed his bill on the equity side of the circuit court of Clay county praying an injunction against the foreclosure on the ground that the debt secured by the mortgage had been satisfied. Respondent in this proceeding, judge of the Eighteenth circuit, by decree granted a temporary injunction against the proposed sale. Petitioner in this proceeding then sought a removal of the cause to the federal court, respondent signing the order. Thereafter the cause proceeded in the federal court to a final decree of foreclosure, all proper parties being present, in favor of Consolidated Graphite Corporation on its cross-bill. The decree of foreclosure, dated January 4, 1930, provided among other things, for the sale of the personal property described in paragraph 7 of Exhibit A, attached to the decree, first in order, and, in the event the amount realized therefrom was insufficient to satisfy the decree, then for the sale of the real property described in the mortgage, and then further:

"It is further adjudged, ordered and decreed that unless on or before February 1st, 1930, M. P. Kelly, as receiver, or plaintiff.

in that certain cause pending in the Circuit Court of Clay County, Alabama, under the name and style of M. P. Kelly, complainant vs. Alabama Quenelda Graphite Company, a corporation, respondent, case No. 31, in which the said M. P. Kelly was by decree of said court dated October 19th, 1929, after the institution of this cause, appointed receiver for Alabama Quenelda Graphite Company shall obtain from said state court a decree or decretal order to the effect that the appointment of receiver in said cause was not intended and shall not be construed as authorizing the receiver to dispose of any of the property hereby decreed to be subject to said first mortgage or to impose any liens, claims or charges against the same, or to interfere in any respect with the enforcement of this decree or the possession of the real or personal property hereby decreed to be subject to the lien of said first mortgage, and authorized to be sold as provided herein or with the custody or possession thereof by any purchaser at the sale hereby ordered, then said Consolidated Graphite Corporation is authorized in its own name or its counsel are authorized to appear specially in said cause by motion or petition to the judges of said court, without thereby subjecting Consolidated Graphite Corporation to process therein or to the jurisdiction of said court, for the purpose of requesting that such court out of comity relinquish and withdraw from the exercise of any jurisdiction in the premises contrary to or in conflict with this decree or the execution thereof, and unless on such application such action is obtained the said Consolidated Graphite Corporation is hereby ordered to report the matter to this court not less than thirty days before the date fixed for any sale of the property pursuant to the decree herein."

But, October 21, 1929, Kelly, in pursuance of his petition to that end, had been appointed receiver and had been authorized to take possession of the property and business of the Quenelda Company, and, by decree of the Circuit Court of Clay, dated November 3, 1929, Kelly, on his petition as receiver, was authorized to intervene in the cause then pending in the federal court. That court, in its decree from which we have quoted, denied the relief prayed by Kelly, dismissed his petition on its merits, and ordered a foreclosure of the Quenelda Company's mortgage in the interest of the Consolidated Company, incorporating in its decree the provision quoted above. That decree operated upon the title to the real and personal property of the Quenelda Company, the possession and control of which, as between the circuit court of this state and the District Court of the United States, is now in dispute.

The decree of the federal court to the contrary notwithstanding, the circuit court (March 22, 1930) ordered, adjudged, and decreed that "the said M. P. Kelly, receiver of the Alabama Quenelda Graphite Company,

appointed as such receiver by this court, be and he is hereby authorized and directed to retain possession and control of the property set out and described in the decree of said federal court rendered on the 4th day of January, 1930, and set out in Exhibit 'A' of said petition, together with any and all other property and assets of whatever kind or character, owned by the Alabama Quenelda Graphite Company, and be it further ordered, adjudged and decreed by the court that in the event said property described in Exhibit 'A' of said petition be sold by said Consolidated Graphite Corporation under the terms and provisions of said federal court decree, the said M. P. Kelly, receiver of the Alabama Quenelda Graphite Company shall retain possession and control of said property hereinabove described as against any purchase at said sale, and in the event the said defendant Consolidated Graphite Corporation or any purchaser at any sale authorized by said federal court decree shall attempt to interfere with the possession and control of said receiver herein of said property or any part thereof, or shall by virtue of such purchase seek to eject said receiver or in any manner or way to take charge of and control said property, the said M. P. Kelly, receiver shall report such attempts to take charge of said property or any interference on the part of said defendant or purchaser under said decree to this court until such other and further orders may be made herein in relation to said receivership, and the properties of the Alabama Quenelda Graphite Company."

It is made further to appear that, June 28, 1929, the executive committee of the Quenelda Company authorized the issue of notes to the extent of $50,000 secured by a collateral trust deed to property described in Kelly's petition to the circuit court, of date April 8, 1930, to wit, the property described in Exhibit A to the petition, which included only the personal property described in section 8 of Exhibit A subjoined to the federal decree of January 4, 1920, including 571,105 pounds of graphite and other personal property, and in and by said petition it was prayed that a sale by Fritz Worm, then managing the company, of the said property be enjoined and for other relief growing out of the pledge of that property. That petition was granted by the decree of the circuit court of date April 9, 1930. And then, May 2, 1930, the circuit court decreed that Consolidated Graphite Corporation's petition, which had then been filed, for a removal of the proceeding against Worm, a nonresident, and the other parties to the cause in the federal court concerning the personal property described in Exhibit A, be denied. This order or decree, it will be observed, did not undertake to deal with the real property described and ordered for sale in the decree of the federal court, nor, for that matter, the personal property described in section 7 of the Exhibit A made a part

of that decree. The federal decree, on the other hand, did not deal with the personal property described in section 8 of that decree.

The petition for removal filed on the 23d day of April, 1930, alleges, inter alia, "that although the amended bill filed by complainant bringing in Fritz Worm, as trustee, as a respondent, alleges that said Fritz Worm is a resident citizen of Alabama, such allegation is untrue and fraudulent, and made with the intent and purpose of joining an ostensibly resident defendant for the purpose of retaining state court jurisdiction and preventing removal of this cause to the federal court; that the said Fritz Worm, as petitioner is informed and believes and therefore states, was and is a resident citizen of the state of Illinois, and has never been and is not now a resident of the state of Alabama."

These averments presented an issue triable only in the federal court, and upon the filing of this petition, properly verified, accompanied with a bond, it was the duty of the state court to surrender jurisdiction, leaving the issue of fact arising upon the petition to the federal court. Chesapeake & Ohio Railway Co. v. L. B. Cockrell, as Adm'r, etc., 232 U. S. 146, 34 S. Ct. 278, 58 L. Ed. 544; Wilson v. Republic Iron & Steel Co. et al., 257 U. S. 92, 42 S. Ct. 35, 66 L. Ed. 144.

The filing of the petition, if the facts stated show a removable case, arrests the jurisdiction of the state court, and it is without authority to proceed further. Stix & Co. v. Keith, 90 Ala. 121, 7 So. 423.

It results that the federal jurisdiction attaches in virtue of the proceedings and decree therein, first to the land and a part of the personal property of the Quenelda Company, and that as to the rest of the personal property of that company its jurisdiction attached upon the filing of the petition, properly framed and complete in every respect, for the removal of the last mentioned bill. Nevertheless respondent, as judge of the Eighteenth circuit, has made an order, May 14, 1930, that the receiver Kelly "remain in possession and control of the property and assets of whatever kind or character belonging to the Alabama Quenelda Graphite Company, a corporation, at the time of the appointment of the said M. P. Kelly, as receiver" of that company, and enjoining and restraining petitioner here, Consolidated Graphite Corporation, from removing or interfering with any of the properties or assets which are and were in the possession of said Kelly as receiver as aforesaid, "and especially are they and each, of them," meaning Consolidated Graphite Corporation and its agents, "enjoined and restrained from removing and interfering with any of the properties which they purported to have bought on or about the 14th day of April, 1930, which property is mentioned in the petition in this cause." And it was further ordered that receiver Kelly report to the circuit court any violation of the decree, and that the cause be "retained for such further and additional orders as may be necessary for the full and complete carrying out of this order by this court."

We have stated the case here presented as we are able to understand it from the pleadings.

This court, in Stix v. Keith, supra, in keeping with the adjudicated cases generally and the decisions of the Supreme Court of the United States, "which is the final arbiter of all such questions," decided that the right of removal attaches on the filing of a sufficient petition, supported by affidavit and bond, and the state court then has no jurisdiction to proceed further with the cause. If the petition and bond are sufficient, the state court is divested of jurisdiction over the case. 34 Cyc. 1305. And its further adjudication in the premises may be controlled and interdicted by the writs of mandamus or prohibition. Ex parte State ex rel. Attorney General, 150 Ala. 489, 43 So. 490, 10 L. R. A. (N. S.) 1129, 124 Am. St. Rep. 79.

There is no controversy as to the facts. Respondent's reliance is upon the proposition that resort to prerogative writs is foreclosed by the fact that petitioner's remedy, if any, must be had by appeal. In the circumstances disclosed by the record respondent's orders enjoining petitioner from taking possession of the property the right to which has been adjudicated by the federal court and retaining jurisdiction as to so much of the property as is involved in the litigation last removed to the federal court, i. e., the property described in section 8 of Exhibit A attached to and made a part of the decree of the federal court of date January 4, 1930, to which in this connection we refer for the purpose of description only, respondent's such orders were coram non judice and would not support an appeal. Ex parte State ex rel. Attorney General, supra, and cases there cited. True, petitioner would have the right of appeal if the last-mentioned controversy should be allowed to proceed to final decree and then would be heard to raise the question of jurisdiction, but in the meantime the property involved, personal property, valuable, movable, and subject to rapid decay, would be left in the keeping of a receiver who, according to the obvious theory of respondent, would not be answerable to the federal court which, as the case now appears, has exclusive jurisdiction of the res. It needs no argument to show that a situation of that character should by all possible means be avoided. Both the state and federal courts cannot have possession and control of the same thing at the same time.

The well-established rule is that where the action is in rem, as in this case, that court which first acquires jurisdiction draws to itself the exclusive authority to

control and dispose of the res. Kline v. Burke Construction Co., 260 U. S. 226, 43 S. Ct. 79, 67 L. Ed. 226, 24 A. L. R. 1077. But it is also a well-settled rule of decision in the federal courts that, when a sufficient case for removal is made in the state court, the rightful jurisdiction of that court comes to an end, and no further proceedings can properly be had there, unless in some form its jurisdiction is restored. Baltimore & O. Railroad Co. v. Koontz, 104 U. S. 14, 26 L. Ed. 643. The brief for respondent speaks repeatedly of "discretion" and denies the right to control that discretion by the prerogative writs here sought. But the question involved is not one of discretion; it is a question of right and comity. When a cause has been removed to the federal court, as matter of law and of necessity that court acquires exclusive jurisdiction of the res. Kline v. Burke Construction Co., 260 U. S. 231, 43 S. Ct. 79, 67 L. Ed. 226, 24 A. L. R. 1077. The right to remove is derived from the law of the United States, and whether a case is made for removal is a federal question. Baltimore & O. Railroad Co. v. Koontz, supra. The courts of this state have no authority to correct errors or otherwise control the judgments or decrees of the federal courts. The final arbiter in cases involving such questions is the Supreme Court of the United States. And, to speak now with special reference to the status of the property disposed of by the decree of the District Court of the United States of January 4, 1930, if that decree was erroneous in any respect, relief must be sought in the higher federal courts.

Writs awarded as prayed in the petition.

ANDERSON C. J., and THOMAS and BROWN, JJ., concur.