156 So. 834

## GREAT ATLANTIC & PACIFIC TEA CO. v. MILLER.

### 6 Div. 461.

Supreme Court of Alabama.
Oct. 11, 1934.

314

J. L. Drennen, of Birmingham, for appellant.

Taylor & Higgins and Chas. W. Greer, all of Birmingham, for appellee.

FOSTER, Justice.

The petition for removal to the federal court is not shown to have been accompanied with a bond as required by law. Without such bond, the petition, though sufficient, does not cause a removal of the suit. USCA title 28, § 72, note 261.

It is not necessary that we consider the sufficiency of the petition, though it may have been filed in due time. 54 C. J. 306, notes 81, et seq.

It is conceded that if a proper petition and bond for removal be duly filed, the state court has no jurisdiction to proceed further. Ex parte Consolidated Graphite Corporation, 221 Ala. 394, 129 So. 262; Stix v. Keith, 90 Ala. 121, 7 So. 423.

Plaintiff's evidence tended to show that she was a customer in defendant's store, made some purchases, and left it by the front door. The door was equipped with double screen shutters, and on that occasion they were propped·open by crates of vegetables, and that a box of potatoes was set at the outer end of one shutter on the sidewalk where pedestrians were accustomed to pass; that she stumbled on the box, fell, broke her right arm, and suffered pain and permanent injuries resulted.

Defendant's evidence tended to show that the box of potatoes was used to prop the shutter, and that where she fell there was no obstruction placed by it.

On that issue of fact, the evidence was in conflict, and it was determined by the jury. There is no reason why we should disturb that finding.

If the box was on the sidewalk set apart·for that sort of travel, she was under no duty to look out for such an obstruction, without notice that there was some occasion to do so. City of Decatur v. Gilliam, 222 Ala. 377, 133 So. 25; Birmingham v. Edwards, 201 Ala. 251, 77 So. 841. There was no direct evidence that she had such notice, and her own testimony was positive that she had none, and did not see it. But owing to its position and possible size, her own good eyesight, and that she passed it as she entered the store shortly before, and that it was in plain view to one so doing, it was thereby made an issue for the jury as to whether she had noticed the box as she entered, and, therefore, that she should have looked out for and avoided it as she passed out. City of Decatur v. Gilliam, supra.

That question was likewise left to the jury in the charge of the court to an extent which

⊜⊃For other cases see same topic and KEY NUMBER in all Key Number Digests and Indexes

was probably more favorable to defendant than the strict requirements of the law which we have mentioned. Defendant has no cause to complain in this respect. Likewise on that issue we are not willing to set aside the finding of the jury.

The other assignments do not show reversible error, but a discussion is unnecessary.

We are therefore confronted with the one remaining question presented in the motion for a new trial, that the amount of the verdict is excessive, and should be reduced. We are disposed to agree with appellant that the verdict is excessive to the extent of $2,000.

It is therefore ordered that as a condition to affirmance, appellee shall remit $2,000 of the amount of the judgment, to be filed in this court within thirty days. The judgment is affirmed on the condition that such remittitur is so filed. If not done, the judgment will then stand reversed, and the cause remanded.

Affirmed conditionally.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.