MURDOCK, Justice.
Derrick Ervin appeals from a summary judgment in favor of the City of Birmingham (“the City”) in his in rem action seeking the return of $178,858. We affirm.

I. Facts and Procedural History

Most of the pertinent facts leading to the filing of Ervin’s action were summarized in the complaint for forfeiture of the subject $178,858 (sometimes hereinafter referred to as “the subject property” or “the cash”) filed by the United States on August 21, 2006, in the United States District Court for the Northern District of Alabama (“the federal district court”):
“That an investigation conducted by the Drug Enforcement Administration (DEA), together with local law enforcement agencies, into the illegal transportation and sale of cocaine in the Birmingham, Alabama area has revealed the following:
“(a) That since approximately 1997, Derrick Ervin has been engaged in a conspiracy with other individuals to sell and distribute multi-kilogram quantities of cocaine in the Birmingham, Alabama area.
“(b) That on or about February 16, 2006, officers with the Birmingham, Alabama Police Department (BPD), were conducting surveillance at The Patio Club apartment complex, located at 3400 Clairmont Avenue South, Birmingham, Alabama, because of suspected illegal drug activity. During that surveillance, officers observed three individuals leave Apartment 204 and proceed to the rear of the apartment complex; one of the individuals was carrying a black bag on his shoulder. An officer followed the three men and heard the sound of a vehicle being unlocked and locked again; the officer then heard what he recognized as the sound of a handgun being ‘chambered’ with a round of ammunition. “(c) That the BPD officer then identified himself by stating ‘Birmingham Police’ and asked who had chambered the round. One of the individuals, later identified as Derrick Ervin, was standing by a 2002 green GMC Denali truck as he removed a handgun from his waistband, pointed the weapon in the direction of the officer and fired multiple shots; Ervin and the other two individuals then fled on foot. Officers apprehended one of the other men, Donald Lundy, as he crouched behind a vehicle, pointing a handgun in the direction of another police officer.
“(d) That the third individual, Carl Sims, was observed entering a nearby grocery store, and then arrested by officers inside the store; a firearm was found in the nearby parking lot.
“(e) That officers later found Derrick Ervin several blocks away; another firearm was found near that scene.
“(f) That officers determined that the green 2002 GMC Denali truck, was registered to Derrick Ervin and impounded the vehicle. On February 17, 2006, BPD officers obtained a state search warrant for Ervin’s vehicle in connection with suspected illegal drug activity.
“(g) BPD officers used a drug detection dog around the outside of the truck; the dog reacted to the odor of controlled substances. At that point, DEA agents *903 and BPD detectives executed the search warrant of the truck’s interior. During the search, officers found a black bag containing thirty-two (32) bundles of cash, each bound with rubber bands, totaling $160,840.00 in U.S. currency on the driver’s side rear seat of the vehicle. Officers also found a shoe box in the back seat containing six (6) more bundles of cash, totaling $18,000.00 in U.S. currency. Officers also found assorted documents bearing Ervin’s name, as well as another additional $18.00 in cash in the truck’s console. As a result of the search, law enforcement officers seized the defendant $178,858.00 in U.S. currency.” [1]
(Emphasis added.)
Ervin did not contest the above-related facts in the federal district court. In the present action, Ervin contends that the cash was initially seized by the Birmingham Police Department (“the BPD”), not by the Drug Enforcement Agency (“the DEA”), and that the cash was subsequently transferred by “unknown Birmingham police officers ... to the DEA to commence forfeiture or condemnation proceedings” in the federal court. Ervin alleges that neither the Jefferson County District Attorney nor the Alabama Attorney General was notified of the seizure of the cash by the BPD. Ervin also emphasizes that the warrant to search his vehicle was issued by a Jefferson Circuit Court judge. As noted above, on August 21, 2006, the United States filed a complaint in the federal district court seeking forfeiture of the cash pursuant to 21 U.S.C. § 881.[2] Ervin was served with notice of the complaint through his counsel of record. On January 18, 2008, Ervin filed a motion to withdraw his verified claim for the cash in the federal district court. The motion stated that Ervin “no longer wishes to pursue the claim and seeks to withdraw said claim and consent[s] to the forfeiture of said subject property.”
On January 28, 2008, the federal district court entered a final judgment forfeiting the $178,858 to the United States. Ervin did not appeal that judgment and has not sought any postjudgment relief from it in the federal court itself. Pursuant to “equitable sharing” of the seizure, the City received the majority of the cash for its role in the operation, and the DEA kept a small percentage.
On March 25, 2011, Ervin filed in the Jefferson Circuit Court a complaint for the return of the subject property, alleging that it had been seized under § 20-2-93, Ala.Code 1975, and that forfeiture proceedings should have occurred in accordance with that statute.[3] Ervin alleged that, because such forfeiture proceedings had never been instituted, he was entitled to the return of the subject property.
*904 On May 9, 2011, the City filed a motion to dismiss or, in the alternative, for a summary judgment, noting that the subject property had been forfeited through proceedings in the federal district court. On May 18, 2011, Ervin filed a cross-motion for a summary judgment in which he alleged that the federal district court never acquired jurisdiction over the subject property and that, therefore, the district court’s judgment was void. Ervin filed no evidence in support of his cross-motion for a summary judgment.
On May 31, 2011, the circuit court entered an order granting the City’s summary-judgment motion and denying Er-vin’s motion. The circuit court concluded that the federal district court had “properly exercised jurisdiction” over the cash because § 20-2-93 did not prohibit the City from transferring the cash to the United States in order to institute forfeiture proceedings.
On June 30, 2011, Ervin filed a motion to reconsider the denial of his motion for a summary judgment. On July 11, 2011, Ervin filed an amended motion to reconsider the denial of his motion for a summary judgment in which he attached the application for the search warrant pursuant to which the cash was seized as well as the search warrant itself.
Following a hearing on Ervin’s motion, the circuit court on August 16, 2011, denied Ervin’s motion.

II. Standard of Review

“An order granting or denying a summary judgment is reviewed de novo, applying the same standard as the trial court applied. American Gen. Life & Accident Ins. Co. v. Underwood, 886 So.2d 807, 811 (Ala.2004). In addition, ‘[t]his court reviews de novo a trial court’s interpretation of a statute, because only a question of law is presented.’ Scott Bridge Co. v. Wright, 883 So.2d 1221, 1223 (Ala.2003). Where, as here, the facts of a case are essentially undisputed, this Court must determine whether the trial court misapplied the law to the undisputed facts, applying a de novo standard of review. Carter v. City of Haleyville, 669 So.2d 812, 815 (Ala.1995).”
Continental Nat’l Indem. Co. v. Fields, 926 So.2d 1033,1034-35 (Ala.2005).

III. Analysis

Ervin’s action amounts to a collateral attack in state court on a final judgment entered by a federal court. Ervin asserts a right to property given to the State by the federal government. The federal government, however, obtained ownership of that property as against Er-vin pursuant to the 2008 judgment of the federal district court. Ervin filed no post-judgment motions challenging that judgment, nor did he appeal from it. To the contrary, as he stated in his motion to withdraw his claim for the cash filed in the federal court, Ervin “consented] to the forfeiture of the subject property.” Accordingly, the judgment of the federal district became a final judgment. As the successor in title to the forfeited property, the State is entitled to the res judicata benefit of that final judgment. Henderson v. Scott, 418 So.2d 840, 841-42 (Ala.1982) (holding that a successor in interest is entitled to res judicata benefit of prior judgment awarding property to its predecessor).
Ervin nevertheless contends that the cash was seized pursuant to a search warrant issued by a State judge under the auspices of § 20-2-93, Ala.Code 1975, that State law-enforcement officials initially seized the cash, and that they improperly transferred the cash to federal officials. Even if all these contentions were correct, they amount only to an attack on the *905 authority of the federal district court to exercise jurisdiction over the res in an in rem action, not an attack on the subject-matter jurisdiction of the federal court over a forfeiture action brought under federal law. As such, they come too late and are being advanced in the wrong court. See Porsche Cars North America, Inc. v. Porsche.net, 302 F.3d 248, 256 (4th Cir.2002) (distinguishing between objections to subject-matter jurisdiction and objections to a court’s exercise of jurisdiction over the res in an in rem action, and explaining that, as with in personam jurisdiction, “in ... civil forfeiture cases, for years courts have held that objections to in rem jurisdiction may be waived” and citing cases in support); United States v. Nineteen Thousand Eight Hundred Fifty Five ($19,-855.00) Dollars in United States Currency (No. 2:12-CV-146-WKW, Nov. 19, 2012) note 6 and accompanying text (M.D.Ala. 2012) (not selected for publication in F.Supp.3d)(explaining that objections to in rem jurisdiction may be waived if not timely asserted). See also Edney v. City of Montgomery, 960 F.Supp. 270, 273 (M.D.Ala.1997):
“After the city seized the currency at issue, the DEA adopted the city’s seizure by authorizing the city to seize the money on behalf of the DEA and to transfer the money to the DEA. ‘[U]n-der the “adoptive forfeiture” doctrine, the United States’ adoption of the State’s seizure of [the plaintiffs’] cash has the same effect as if the government had originally seized the currency.’ U.S. v. $119,000 in U.S. Currency, 793 F.Supp. 246, 249 (D.Haw.1992). That is, ‘[ojnce the federal government has taken custody of property under 21 U.S.C. § 881, such property is not repleviable, subject only to orders from the court having jurisdiction over the forfeiture proceeding.’ Id. And it is the federal district court that has original jurisdiction of a federal forfeiture action. 28 U.S.C. § 1355(a).”
(Emphasis added.)

IV. Conclusion

We affirm the judgment of the circuit court granting the City’s motion for a summary judgment on Ervin’s claim for return of $178,858 in cash previously ordered forfeited by a final judgment of the federal district court.
AFFIRMED.
MOORE, C.J., and BOLIN and MAIN, JJ., concur.
BRYAN, J., concurs in the result.

.The unpublished memorandum of the Court of Criminal Appeals in Ervin’s criminal case relates that for these actions Ervin was convicted of first-degree attempted assault, trafficking in cocaine while in possession of a firearm, and failure to affix tax stamps. Ervin v. State (No. CR-07-0125, Aug. 27, 2010), 84 So.3d 1016 (Ala.Crim.App.2010) (table). He was sentenced to 10 years’ imprisonment, life in prison without the possibility of parole, and 10 years’ imprisonment, respectively, for those convictions; the sentences were to run concurrently. The Court of Criminal Appeals affirmed the convictions, and this Court denied certiorari review. Ex parte Ervin (No. 1100048, Aug. 5, 2011), 123 So.3d 15 (Ala.2011) (table).

. Title 21 U.S.C. § 881 is part of the Controlled Substances Act.

. Our courts have noted that "the provisions of § 20-2-93 are substantially similar to those contained in 21 U.S.C. § 881." Money v. State, 717 So.2d 38, 46 n. 4 (Ala.Crim.App.1997).