PITTMAN, Judge.
Tobias Anjuan Payne appeals from a summary judgment in favor of the City of Decatur (“the City”) in his quasi in rem action seeking the return of $36,030 seized from him by an officer of the Decatur Police Department (“the DPD”). We affirm.

Facts and Procedural History

On September 1, 2006, officer Archie Letson, a member of the DPD, participated in a raid organized by the Morgan County Drug Task Force at a residence in Decatur. Upon entering the residence, the members of the task force encountered Payne and other individuals. During a pat-down search of Payne, Morgan County sheriff’s deputies seized $3,605 from Payne’s pockets. Payne was detained in police custody while Officer Letson obtained a warrant from the Decatur Municipal Court to search Payne’s residence. Upon execution of that warrant, officers discovered evidence indicating cocaine trafficking and crack-cocaine production and $36,030 in cash. Officer Letson seized the cash and, several days later, transferred it to a United States marshal at the request of Special Agent Fred Gasbarro of the Drug Enforcement Administration (“the DEA”), who had also been investigating Payne for illegal drug activities.
On February 28, 2007, civil-forfeiture in rem proceedings were commenced in the United States District Court for the Northern District of Alabama against the $36,030 in cash discovered at Payne’s residence (“the property”). Payne was served with the forfeiture complaint on April 3, 2007. On September 16, 2009, Payne, acting through counsel, withdrew his claim to the property and consented to its forfeiture. On September 23, 2009, the federal district court entered a default judgment *502 of forfeiture. On April 26, 2010, the United States marshal’s office made payments totaling $15,727.42 to the DPD, pursuant to “equitable sharing” programs of the DEA.[1]
On November 9, 2011, Payne filed in the Morgan Circuit Court (“the trial court”) a complaint against the City, seeking the return of the property. Payne asserted that the property had been seized pursuant to § 20-2-93, Ala.Code 1975, and that he was entitled to the return of the property because no state forfeiture proceeding had been promptly initiated as required by § 20-2-93(c). The City moved to dismiss the complaint and attached to its motion documents relating to the in rem forfeiture proceeding in the federal district court.
Payne filed a response to the City’s motion, asserting that the federal court could not validly have assumed in rem jurisdiction over the property because, he insisted, the property was subject to the preexisting in rem jurisdiction of the state court by virtue of the warrant issued to search his residence. Payne attached to his response the search warrant, the affidavit for the warrant, and the return on the execution of the warrant.
The trial court notified the parties that, because they had presented, and it had considered, matters outside the pleadings, it would treat the City’s motion to dismiss as one for a summary judgment. Payne filed a cross-motion for a summary judgment. Following a hearing, the trial court granted the City’s motion for a summary judgment, denied Payne’s motion, and dismissed Payne’s complaint for lack of subject-matter jurisdiction, stating the following:
“[T]he court has reviewed the pleadings, the evidentiary materials, and the legal authorities submitted by the parties and also has considered the arguments of counsel. There are no genuine issues of material disputed fact. [Payne] filed this action for return of seized property (money) after a United States District Court had already acquired and exercised in rem jurisdiction and had entered an order that condemned and forfeited the property in question. As a matter of law, this court has no jurisdiction over the subject matter of this action.”

Standard of Review

“An order granting or denying a summary judgment is reviewed de novo, applying the same standard as the trial court applied. American Gen. Life & Accident Ins. Co. v. Underwood, 886 So.2d 807, 811 (Ala.2004). In addition, ‘[t]his court reviews de novo a trial court’s interpretation of a statute, because only a question of law is presented.’ Scott Bridge Co. v. Wright, 883 So.2d 1221, 1223 (Ala.2003). Where, as here, the facts of a case are essentially undisputed, this Court must determine whether the trial court misapplied the *503 law to the undisputed facts, applying a de novo standard of review. Carter v. City of Haleyville, 669 So.2d 812, 815 (Ala.1995).”
Continental Nat’l Indem. Co. v. Fields, 926 So.2d 1083, 1084-35 (Ala.2005).

Discussion

In all material respects, this case is identical to Ervin v. City of Birmingham, 137 So.3d 901 (Ala.2013). Ervin’s cash was seized pursuant to a search warrant issued by a state court; the municipal police department transferred the cash to the DEA; the United States filed a complaint in federal district court seeking forfeiture of the cash; Ervin was served with notice of the federal forfeiture proceeding; Ervin moved to withdraw his claim for the cash and consented to its forfeiture; the federal district court entered a final judgment forfeiting the cash to the United States; the municipality ultimately received a share of the cash pursuant to DEA’s “equitable sharing” program; and Ervin subsequently filed a complaint in an Alabama circuit court seeking the return of the cash and advancing the same arguments that Payne has advanced here.
In Ervin, the circuit court entered a summary judgment in favor of the municipality, concluding “that the federal district court had ‘properly exercised jurisdiction’ over the cash because § 20-2-93 did not prohibit the City from transferring the cash to the United States in order to institute forfeiture proceedings.” 137 So.3d at 904. The Supreme Court of Alabama affirmed, stating that “Ervin’s action [seeking the return of the cash] amounts to a collateral attack in state court on a final judgment entered by a federal court.... As the successor in title to the forfeited property, the [municipality] is entitled to the res judicata benefit of that final judgment.” 137 So.3d at 905.
In rejecting Ervin’s arguments that the cash had been seized pursuant to a state search warrant and that municipal law-enforcement officials had improperly transferred the cash to federal officials, our supreme court stated:
“Even if all these contentions were correct, they amount only to an attack on the authority of the federal district court to exercise jurisdiction over the res in an in rem action, not an attack on the subject-matter jurisdiction of the federal court over a forfeiture action brought under federal law. As such, they come too late and are being advanced in the wrong court. See Porsche Cars North America, Inc. v. Porsche.net, 302 F.3d 248, 256 (4th Cir.2002) (distinguishing between objections to subject-matter jurisdiction and objections to a court’s exercise of jurisdiction over the res in an in rem action, and explaining that, as with in personam jurisdiction, ‘in ... civil forfeiture cases, for years courts have held that objections to in rem jurisdiction may be waived’ and citing cases in support); United States v. Nineteen Thousand Eight Hundred Fifty Five ($19,855.00) Dollars in United States Currency (Ms. 2:12-CV-146-WKW, Nov. 19, 2012) note 6 and accompanying text (M.D.Ala.2012) (not selected for publication in F.Supp.3d)(explaining that objections to in rem jurisdiction may be waived if not timely asserted).”
Ervin, 137 So.3d at 905 (emphasis added).
Based on the authority of Ervin, we affirm the judgment of the trial court. That court reached the right result, notwithstanding the fact that it mistakenly concluded that it had “no jurisdiction over the subject matter of this action” after “a United States District Court had ... acquired and exercised in rem jurisdiction and had entered an order that condemned and forfeited the property in question.”
*504 “An appellate court may affirm the judgment of the trial court when the trial court has reached the. right result for the wrong reason. However, this rule should not apply where the ‘wrong reason’ prevented a party from properly presenting his case or prejudiced his rights.” Lloyd Noland Found., Inc. v. HealthSouth Corp., 979 So.2d 784, 796 (Ala.2007) (citation omitted). In the present case, the City argued the doctrine of res judicata as a basis for dismissing Payne’s action. Payne responded to that argument, and he was not prevented in any way from presenting his case; nor were his rights prejudiced.
We acknowledge that the trial court’s mistaken conclusion that it lacked subject-matter jurisdiction over Payne’s quasi in rem action was mostly likely prompted by this court’s decision in Ex parte Bingham, 129 So.3d 1017 (Ala.Civ.App.2012). In Bingham, we issued a writ of mandamus directing the Montgomery Circuit Court “to dismiss for lack of subject-matter jurisdiction,” 129 So.3d at 1021, the claimants’ action seeking the return of cash that had been seized from them, transferred to the DEA, and forfeited to the United States. We concluded that the circuit court had no subject-matter jurisdiction of the claimants’ quasi in rem action “[bjeeause a federal court had already acquired (and exercised) in rem jurisdiction over the claimants’ property at the time the claimants filed an in rem proceeding in the Montgomery Circuit Court,” Bingham, 129 So.3d at 1021.
As Ervin makes clear, however, this court employed an incorrect subject-matter-jurisdiction rationale for granting the petition and issuing the writ; the claimants’ action was due to be dismissed, instead, because the municipality was “entitled to the res judicata benefit” of the federal court’s final judgment of forfeiture. 137 So.3d at 904. Had this court employed the proper rationale, it would have concluded that the City of Montgomery had a clear legal right to dismissal of the claimants’ complaint on the basis of res judicata. “[A] petition for a writ of mandamus is an appropriate method by which to seek ... review of the denial of a motion to dismiss predicated on the doctrine of res judicata.” Ex parte LCS, Inc., 12 So.3d 55, 56 (Ala.2008). See also Ex parte Ocean Reef Developers II, LLC, 84 So.3d 900 (Ala.Civ.App.2011).
In order to reconcile our recent caselaw with the decision in Ervin, we disavow the rationale of Bingham and we accept the City’s invitation to overrule Alexander v. City of Birmingham, 99 So.3d 1251 (Ala.Civ.App.2012). In Alexander, the claimant filed an action in the Jefferson Circuit Court on March.26, 2011, seeking the return of cash that had been seized from him and transferred to the DEA by officers of the Birmingham Police Department. The claimant acknowledged that previously, on August 10, 2010, a federal district court had entered a final judgment forfeiting the cash to the United States, but, he argued, the federal court had no authority to exercise in rem jurisdiction because the state court had had preexisting in rem jurisdiction by virtue of its having issued the warrant for the search whose execution resulted in the seizure of the cash. The circuit court entered a summary judgment in favor of the City of Birmingham. A majority of this court concurred to reverse the judgment, concluding that the municipality had “failed to present sufficient evidence from which to find, as a matter of law, that the federal court had obtained jurisdiction over the money at issue or that the state court had been divested of jurisdiction.” 99 So.3d at 1256. That conclusion erroneously permitted the claimant’s “collateral attack in state court on a final judgment entered by a federal court” and *505 did not give the City of Birmingham “the res judicata benefit” of the federal court’s final judgment of forfeiture. See Ervin, 137 So.3d at 904.

Conclusion

Based on the authority of Ervin, the judgment of the trial court is affirmed.
AFFIRMED.
THOMPSON, P.J., and THOMAS and DONALDSON, JJ., concur.
MOORE, J., concurs in the result, without writing.

. "[T]he Attorney General of the United States is authorized to cooperate with local and state police departments in combating the traffic of controlled substances and in suppressing drug abuse. See 21 U.S.C. § 873. To facilitate such cooperation, the United States Department of Justice has established so-called 'equitable sharing programs' whereby local or state officials request that the DEA adopt the seizure of and commence federal forfeiture proceedings against property subject to forfeiture under 21 U.S.C. § 881. After the federal forfeiture process has been completed and the property forfeited to the United States, the DEA disburses a large portion of the forfeited property back to the local or state law enforcement authority, minus administrative expenses. See 21 U.S.C. § 881(e)(1)(A).”
DeSantis v. State, 384 Md. 656, 660, 866 A.2d 143, 145-46 (2005).