THOMPSON, Presiding Judge.[1]
Bobby Norman appeals from a judgment of,the Montgomery Circuit Court (“the trial court”) dismissing the complaint he filed against the City of Montgomery (“the city”) in which Norman sought the return of certain property that had been seized pursuant to a search warrant.
The record indicates the following. Norman filed the complaint on February 4, 2013. In the complaint, Norman alleged that on March 29, 2006, the Montgomery Police Department (“MPD”) executed a search warrant at his house and seized, among other things, a 2002 Cadillac Esca-lade sport-utility vehicle, two laptop computers, and $8,153 in currency.
In April 2006, the MPD turned the cash and the motor vehicle over to federal agents for federal administrative forfeiture proceedings. As part of the federal administrative forfeiture proceedings, in addition to an advertisement published in a newspaper of national circulation notifying interested parties of the deadline they had in which to file a claim for the seized property, a letter was sent to Norman by certified mail notifying him of the deadline. There is no indication in the record, however, that Norman sought to recover the seized property until he filed the complaint in this action nearly seven years later, on February 4, 2013.
On March 8, 2013, the city filed an answer in which it asserted, among other things, that Norman’s claims were “barred by the applicable statute of limitations.” The city did not indicate what the applicable limitations period was, however. On September 24, 2013, the trial court entered an order stating: “The parties are given 30 days to submit a report of what the disputed 'factual issues are and why a trial is necessary.”. Neither party filed a document, responsive to the trial court’s directive, and on October 29, 2013, the trial court entered an order stating it would “assume that no trial is necessary and that the matter can be submitted on the pleadings.”
Also on October 29, 2013, Norman filed a motion for a summary judgment, which included documentary evidence in support of the motion. On December 13, 2013, the city filed a response to Norman’s motion, arguing that, because the federal administrative forfeiture proceedings had already resulted in the forfeiture of the property at issue, the doctrine of res judicata barred Norman from attempting to recover the property in the current action. The city then asked the trial court to enter a summary judgment in favor of the city and to deny Norman’s summary-judgment motion.
On January 2, 2014, the trial court denied Norman’s motion for a summary judgment. The order did not mention the city’s request that the trial court enter a summary judgment in its favor. Norman filed a motion seeking to vacate or modify the order denying his motion for a summary judgment, and the trial court denied that motion.
On July 15, 2014, the trial court entered a second order informing the parties that the matter was going to be decided on the pleadings. That order stated: “Any matter which the parties desire to be considered should be submitted in 10 days.” Again, neither party responded to the trial court’s request. On August 19, 2014, the *34 trial court entered a “Final Order,” stating: “Judgment for the [city] and the case is dismissed.” On September 24, 2014, Norman filed a timely appeal to this court.
In his brief on appeal, Norman challenges the propriety of what he says is the trial court’s entry of a summary judgment. Specifically, Norman contends that the state court had jurisdiction over his seized property and that jurisdiction could not be divested from the state to a federal court or a federal agency pursuant to the.process of “adoptive-seizure.” Norman also argues that the state failed to promptly file forfeiture proceedings; therefore, he asserts, the property was due to be returned to him.
Norman’s arguments do not address the basis upon which the trial court entered the judgment in this case. Contrary to statements in Norman’s brief on appeal, the trial court did not enter a summary judgment in favor of either party. In fact, after denying Norman’s motion for a summary judgment, the trial court again advised the parties that, unless they provided the court with a reason to do otherwise within ten days, it would enter a judgment on the pleadings. When neither party responded to the trial court’s instructions, the judgment was entered. Regardless of Norman’s contention on appeal, the record demonstrates that the trial court left no doubt that it was entering a judgment on the pleadings.
In considering a judgment on the pleadings, “the trial court reviews the pleadings filed in the case and, if the pleadings show that no genuine issue of material fact is presented, the trial court will enter a judgment for the party entitled to a judgment according to the law.” B.K.W. Enters., Inc. v. Tractor & Equip. Co., 603 So.2d 989, 991 (Ala.1992). See also Deaton, Inc. v. Monroe, 762 So.2d 840 (Ala.2000). A judgment on the pleadings is subject to a de novo review. Ex parte Lawley, 38 So.3d 41, 44 (Ala.2009) (citing Harden v. Ritter, 710 So.2d 1254, 1255 (Ala.Civ.App.1997)).
The pleadings in this case indicate that the property at issue had been forfeited approximately seven years before Norman commenced this action seeking the return of the forfeited property. Norman did not dispute that, despite having received notice of the pending federal administrative forfeiture proceedings in 2006, he failed to file a claim for the property or challenge the forfeiture, either directly or on appeal. The present action is an effort to use the state courts to regain property that was forfeited in federal proceedings approximately seven years before Norman filed the complaint in this action; Essentially, this action is nothing more than a collateral attack on the forfeiture of the property that occurred approximately seven years earlier. Ervin v. City of Birmingham, 137 So.3d 901 (Ala.2013), is factually similar to this case. In March 2011, Ervin commenced an action in state court seeking the return of property seized and forfeited in federal proceedings in 2006, five years before he sought to recover the property. Just as Norman did in this case, Ervin argued that the state court and not a federal agency or a federal court had jurisdiction over any forfeiture proceeding concerning the property and that, because the state had not instituted forfeiture proceedings, he was entitled to the return of the property. Id. at 903. Our supreme court wrote:
“Even if all these contentions [in Ervin’s state action] were correct, they amount only to an attack on the authority of the federal district court to exercise jurisdiction over the res in an in rem action, not an attack on the subject-matter jurisdiction of the federal court over a forfeiture action brought under federal law. As *35 such, they come too late and are being advanced in the wrong court.”
Ervin, 137 So.3d at 904-05.
In this case, the parties were not responsive to the trial court’s requests, and, on appeal, Norman persists in ignoring the trial court’s orders reflecting that it was entering a judgment on the pleadings. The pleadings in this case indicate that, even if the allegations in Norman’s complaint were taken as true, for the reasons explained in Emin, those allegations came “too late and [were] being advanced in the wrong court.” Norman failed to demonstrate that a genuine issue of material fact existed. Accordingly, the city was entitled to a judgment as a matter of law.
For the reasons set forth above, the trial court’s judgment in favor of the city is affirmed.
AFFIRMED.
PITTMAN, THOMAS, and MOORE, JJ., concur.
DONALDSON, J., concurs in the result, without writing.

. This case was previously assigned to another judge on this court; it was reassigned to Presiding Judge Thompson on September 23, 2015.